350 So.2d 559 (1977)
Richard SING ENG, Appellant,
v.
STATE of Florida, Appellee.
No. 77-131.
District Court of Appeal of Florida, Second District.
October 7, 1977.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Upon review of the briefs and record on appeal, we find the appellant has failed to demonstrate any reversible error; therefore, the revocation of appellant's probation is affirmed. However, the judgment and sentence of the court, while indicating that appellant is to receive credit for all time served in jail, does not specifically set forth the amount of credit time to be allowed as required by Section 921.161(1), Florida Statutes (1975). Smith v. State, 310 So.2d 770 (Fla.2d DCA 1975).
In addition, the order of revocation of probation must be corrected. The affidavit filed against appellant charged him with two violations of condition (e) and one violation of condition (c). At the conclusion of the revocation hearing, the trial court found that the allegations as to condition (e) had been sustained, but made no mention of the allegation as to condition (c). Yet the written order revoking appellant's probation recites that appellant violated both conditions (c) and (e). Since the court's order of revocation enlarged the announced findings, the order must be corrected to conform to the findings of the court made at the hearing.
Remanded for correction of the sentence and the order of revocation of probation; otherwise affirmed. Appellant need not be present for this purpose.
SCHEB, Acting C.J., and OTT and RYDER, JJ., concur.