405 So.2d 796 (1981)
Charles DUNLAP, Appellant,
v.
STATE of Florida, Appellee.
No. 81-513.
District Court of Appeal of Florida, Second District.
November 13, 1981.
Jerry Hill, Public Defender, Bartow, and Allyn Giambalvo, Asst. Public Defender, St. Petersburg, for appellant.
Jim Smith, Atty. Gen., Tallahassee, Evelyn D. Golden, Daytona Beach, and Deborah A. Osmond, Asst. Attys. Gen., Tampa, for appellee.
PER CURIAM.
Charles Dunlap appeals the order revoking his probation and requests a remand for clarification. The trial court considered the following alleged probation violations: (3) appellant would not change his residence, employment or leave the county without receiving his probation officer's consent; (4) appellant would not possess, carry or own a weapon or firearm without his probation officer's consent; (7) appellant would comply with the instructions of his probation officer.
The trial judge made an oral pronouncement that appellant changed his address without notifying his probation officer and further violated his probation by committing armed robbery. The written order of probation revocation did not recite which conditions of probation were violated and thus, it did not conform to the trial court's oral pronouncement. We find this to be erroneous since the revocation order should have stated the specific conditions which were violated. Sing Eng v. State, 350 So.2d 559 (Fla. 2d DCA 1977).
Accordingly, we remand for correction of the written order but otherwise affirm the revocation of probation. Appellant need not be present for this purpose.
OTT, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.