429 So.2d 821 (1983)
Jerry J. BROWN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1530.
District Court of Appeal of Florida, Second District.
April 13, 1983.
Jerry Hill, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee and Peggy A. Quince, Asst. Atty. Gen., Tampa, for appellee.
RYDER, Judge.
In September 1981, Jerry Brown was placed on probation after pleading guilty to the offense of obtaining unemployment compensation by fraud. In April 1982, a probation officer filed an affidavit alleging that Brown had violated several conditions of his probation. The conditions were:
Condition 1: Not later than the fifth day of each month, you will make a full and truthful report to your Probation Officer on the form provided for that purpose.
Condition 5: You will live and remain at liberty without violating any law. A conviction in a court of law shall not be necessary in order for such a violation to constitute a violation of your probation.
Condition 6: You will not use intoxicants to excess; nor will you visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
Condition 7: You will work diligently at a lawful occupation and support any *822 dependents to the best of your ability as directed by your Probation Officer.
Condition 10: You will pay the cost of this prosecution in the amount of $20.00.
Condition 11: You will make restitution in the amount of $457.00.
At the probation revocation hearing, the probation officer testified that Brown violated: condition (1), by failing to file a report; condition (5), by being arrested for attempted burglary and admitting his presence at the scene of the burglary, though claiming he was intoxicated and mistakenly went to the wrong door; condition (6), by admitting his intoxication at the time of the attempted burglary; condition (7), by being generally unemployed and being delinquent in child support; conditions (10) and (11), by failing to pay the costs of his prosecution and restitution.
Brown's arguments challenging the evidence presented relating to the violations of conditions 1, 5 and 6 are without merit. The trial court could, and apparently did, revoke Brown's probation for the violation of these conditions.
Brown has also argued that the trial court should have stricken the allegations concerning violations of conditions 7, 10 and 11 since there was no evidence presented of his ability to pay. Since appellant had been adjudged insolvent and there was no evidence concerning his ability to pay costs and restitution, it would have been improper for the trial court to find that he had violated his probation by failing to pay monies required by either condition and, therefore, we agree that conditions 10 and 11 should have been stricken. Rodriguez v. State, 405 So.2d 794 (Fla. 2d DCA 1981); Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979).
Condition 7, however, consists of two parts. While the portion dealing with the support of dependents would, standing alone, be stricken pursuant to Rodriguez, supra, the portion dealing with "work diligently" need not be stricken. Evidence was presented by both Brown and the probation officer regarding Brown's employment situation. Evidence which would justify revocation of probation need only be evidence sufficient to satisfy the conscience of the court as to whether a condition of probation had been violated. Purvis v. State, 420 So.2d 389 (Fla. 5th DCA 1982); White v. State, 301 So.2d 464 (Fla. 1st DCA 1974); Brill v. State, 159 Fla. 682, 32 So.2d 607 (Fla. 1947). The trial court could, therefore, have also recited the violation of condition 7 as support for the revocation of probation.
The parties point out that the written order of the trial court fails to recite which conditions of probation were violated. We agree that the written order must be corrected to reflect which conditions were violated. Dunlap v. State, 405 So.2d 796 (Fla. 2d DCA 1981); see Evans v. State, 356 So.2d 1355 (Fla. 1st DCA 1978); Sing Eng v. State, 350 So.2d 559 (Fla. 2d DCA 1977).
Brown's other contentions are without merit.
We therefore AFFIRM the revocation of probation but REMAND the case so that the trial court may strike those conditions alleged to have been violated, but which lack an evidentiary basis therefor, and for the entry of a proper order of revocation.
OTT, C.J., and BOARDMAN, J., concur.