468 So.2d 1106 (1985)
Joe Hayward ROBINSON, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2678.
District Court of Appeal of Florida, Second District.
May 17, 1985.
*1107 James Marion Moorman, Public Defender, and John T. Kilcrease, Jr., Asst. Public Defender, Bartow, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Theda James Davis, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Appellant appeals the revocation of his probation. We affirm the revocation order as modified.
One finding in the written order of revocation holds that appellant violated condition (2) requiring that he pay $10.00 per month as a supervisory fee. This finding must be stricken from the order because the trial judge had no evidence before him upon which to review the financial resources of appellant and the nature of the burden that payment of the fee would impose upon appellant. Thus there was no proof before the court that appellant had the ability to pay his supervisory fee. Raines v. State, 445 So.2d 408 (Fla. 2d DCA 1984); Brown v. State, 429 So.2d 821 (Fla. 2d DCA 1983); Hines v. State, 420 So.2d 926 (Fla. 2d DCA 1982); Sillett v. State, 393 So.2d 53 (Fla. 2d DCA 1981); Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979).
Another finding in the written order of revocation recites that appellant violated condition (8) requiring that he comply with all instructions given to him by his probation officer. That basis for revocation must also be stricken because at the revocation hearing the trial judge failed to pronounce a finding that appellant had violated condition (8). The written order must conform to the oral pronouncement. Brown; Towson v. State, 382 So.2d 870 (Fla. 5th DCA 1980); Sampson v. State, 375 So.2d 325 (Fla. 2d DCA 1979).
The third finding in the order of revocation holds that appellant violated condition (5) requiring that he live at liberty without violating any law in that he had been convicted of the crimes of trespass and battery. The finding with regard to trespass must be stricken because at the revocation hearing the trial judge "specifically exclude[d] the trespass from consideration as a basis for revocation." Appellant's conviction for battery, however, is sufficient, competent evidence to support the trial judge's finding that appellant violated condition (5). Appellant's violation of condition (5) on this ground alone constitutes a material and substantial violation of his probation which warrants revocation. On this record we are satisfied that the trial judge was prepared to revoke appellant's probation for a violation of condition (5) based on the battery conviction alone. Therefore, we affirm the order revoking appellant's probation. Raines; Brown; Sillett; Sampson.
Accordingly, this cause is remanded for correction of the order of revocation. Otherwise, the order is affirmed.
GRIMES, A.C.J., and LEHAN, J., concur.