473 So.2d 14 (1985)
Arthur BROOKSHIRE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2462.
District Court of Appeal of Florida, Second District.
July 19, 1985.
*15 James Marion Moorman, Public Defender, Bartow, and Deborah K. Brueckheimer, Asst. Public Defender, Clearwater, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and William E. Taylor, Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Defendant Brookshire appeals the order revoking his probation and requests reversal of the judgment and sentence of the trial court. The affidavit for violation of probation alleged that defendant (1) had not filed his monthly reports for three months, (2) had not paid the costs of his supervision, and (3) had not reported his change of residence to his probation officer.
During the probation revocation hearing, the trial court orally stated that defendant had violated the conditions of probation requiring him to file monthly reports and to notify his probation officer of a change in residence. The evidence supports the trial judge's findings. The written order did not recite which conditions of probation were violated and thus did not conform to the court's oral pronouncement. Although the error must be corrected, it is not sufficient grounds for reversal. Feezel v. State, 463 So.2d 1244 (Fla. 2d DCA 1985); Brown v. State, 429 So.2d 821 (Fla. 2d DCA 1983); Dunlap v. State, 405 So.2d 796 (Fla. 2d DCA 1981).
We therefore affirm the revocation of probation but remand for correction of the written order to reflect which probation conditions were violated.
RYDER, C.J., and HALL, J., concur.