SCHEB, Acting Chief Judge.
The defendant, Willie Dollison, was convicted of grand theft and armed robbery with a weapon. The trial court sentenced him to two years’ imprisonment and two years’ community control. We find no merit to defendant’s argument challenging the trial court’s revocation of his community control. We agree, however, with defendant’s contention that the order revoking his community control recites unproven allegations which must be stricken from the order.
*1075 The state sought revocation of defendant’s community control on six grounds: possession of handguns, possession of pistols in his bedroom, attempted murder and possession of handgun during the commission of a felony, armed robbery and possession of a firearm during the commission of a felony, grand theft, and unauthorized absence from his approved residence. At the revocation hearing evidence was presented on only two of the allegations.
At the conclusion of the revocation hearing, the trial judge orally stated that he found the defendant guilty of being in violation of his community control, “specifically, number one, for the violation of the law, being in possession of a firearm. And the second violation for failing to remain at your approved residence during the hours.” The order revoking defendant’s community control, however, lists all the original allegations as grounds for the revocation and must be corrected to conform to the court’s oral pronouncement, which is supported by the evidence. Brown v. State, 429 So.2d 821 (Fla. 2d DCA 1983).
Accordingly, we affirm the defendant’s conviction and sentence but remand with instructions that the trial court enter an amended order including only the proven allegations which formed the basis for revocation of defendant’s community control.
FRANK and HALL, JJ., concur.