FRANK, Judge.
David Hartsfield appeals from a final order which revoked his probation. Revocation was premised upon Hartsfield’s admission that he absconded from supervision. We have reviewed this matter in accordance with our obligation under Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967); and affirm. See In Re Anders Briefs, 581 So.2d 149 (Fla.1991). We remand, however, for the entry of a corrected order which conforms to the trial court’s oral findings. Specifically, Hartsfield admitted to violations contained in a November 22, 1994, affidavit. The written order, however, refers to violations contained in a June 3, 1994, affidavit— violations for which the trial court heard no evidence. Upon remand, Hartsfield need not be present for the entry of a corrected order. See Dunlap v. State, 405 So.2d 796 (Fla. 2d DCA1981).
SCHOONOVER, A.C.J., and QUINCE, J., concur.