755 So.2d 653 (1998)
Willie RENDER, Appellant,
v.
STATE of Florida, Appellee.
No. 97-4227.
District Court of Appeal of Florida, Fourth District.
December 9, 1998.
*654 Richard L. Jorandby, Public Defender, and Siobhan Helene Shea, Assistant Public Defender, West Palm Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for Appellee.
PER CURIAM.
Willie Render appeals the judgment and sentence entered following the revocation of his probation. We reverse and remand with instructions to reinstate Render's probation.
Render's probation was revoked on the ground that he committed criminal mischief, contrary to condition (5) of his probation. He asserts that the state presented only hearsay evidence in support of the offense charged. The state counters that Render's post-Miranda admission, coupled with the officer's hearsay testimony, was sufficient to permit the trial court to revoke his probation.
At the revocation hearing, the police officer testified that he responded to a call that a group of people had been throwing rocks; that when he arrived at the scene a vehicle's windshield was broken; that he had not seen who had thrown the rock that broke the windshield but the owner of the vehicle told him Render threw the rock. The trial court overruled Render's objection to this testimony and the officer further testified that following Render's arrest and Miranda warning, Render denied throwing the rock that broke the windshield, but admitted he was in the area and threw rocks at other juveniles. The owner of the vehicle did not testify at the revocation hearing and no other evidence of criminal mischief was introduced. At the conclusion of the hearing, the trial judge revoked Render's probation and sentenced Render to a term of two years followed by two years probation, with credit for 120 days time served.
The standard of review of an order revoking probation is whether the trial court abused its discretion. See Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). Hearsay evidence is admissible at a probation revocation hearing, but standing alone, it is insufficient to establish a violation of a condition of probation. See Anderson v. State, 711 So.2d 106, 108 (Fla. 4th DCA 1998); Ford v. State, 678 So.2d 432 (Fla. 4th DCA 1996); Kiess v. State, 642 So.2d 1141 (Fla. 4th DCA 1994). However, a revocation can be grounded on hearsay evidence combined with evidence which is admissible as an exception to the hearsay rule. See Thomas v. State, 711 So.2d 96, 97 (Fla. 4th DCA 1998).
But, "[a]n order of revocation may not be based upon a violation not charged in the affidavit." Joseph v. State, 615 So.2d 833, 834 (Fla. 4th DCA 1993); see Harrington v. State, 570 So.2d 1140 (Fla. 4th DCA 1990). In the instant case, the affidavit charged Render with committing criminal mischief which is defined as willful and malicious injury or damage, by any means, to someone else's real or personal *655 property, including placement of graffiti thereon or other acts of vandalism therein. See § 806.13(1)(a), Fla.Stat. (1995). Render's admissions after receiving Miranda warnings indicate the possible commission of assault, not criminal mischief as charged in the affidavit. Consequently, Render's admission does not constitute non-hearsay evidence sufficient to support the trial court's ruling that Render committed criminal mischief.
Thus, because the state presented only hearsay evidence that Render committed criminal mischief, we conclude that the trial court erred in revoking Render's probation. Therefore, we reverse and remand with instructions to reinstate Render's probation. See Harrington v. State, 570 So.2d at 1142-43.
GUNTHER, FARMER, and KLEIN, JJ., concur.