776 So.2d 1088 (2001)
Maurice W. SAGNER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1847.
District Court of Appeal of Florida, Fourth District.
February 7, 2001.
Carey Haughwout, Public Defender, and Benjamin W. Maserang, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Steven R. Parrish, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
Maurice W. Sagner appeals from the trial court's order revoking his probation. We reverse.
The affidavit of violation of probation charged that appellant violated Condition 5 of his probation, which required him to live and remain at liberty without violating any law, by committing a battery upon a named person "on or about July 6, 1999." The State presented only hearsay evidence that appellant committed a qualifying offense and that it occurred during the probationary period. The introduction of the certified copy of the February 21, 2000 judgment of conviction for aggravated battery did not state the date of the battery or the name of the victim and did not furnish competent evidence that the offense occurred during the probationary period. A revocation of probation cannot stand on hearsay evidence alone. See Render v. State, 755 So.2d 653 (Fla. 4th DCA 1998); Anderson v. State, 711 So.2d 106 (Fla. 4th DCA 1998). Accordingly we reverse the trial court's order revoking appellant's probation.
REVERSED.
DELL, STEVENSON and GROSS, JJ., concur.