ON MOTION FOR REHEARING

PER CURIAM.
We withdraw our previously issued opinion and substitute the following in its place.
We affirm appellant’s convictions for robbery with a deadly weapon and armed kidnaping but reverse his sentence of life imprisonment as a prison releasee reoffen-der (PRR) with a fifteen year mandatory minimum as a habitual violent felony offender.
Once the state proves by a preponderance of the evidence that a defendant qualifies as a PRR, he or she must be sentenced in accordance with the PRR Act. See Grant v. State, 770 So.2d 655 (Fla.2000). Consistent with the Legislature’s intent to punish qualifying offenders previously released from prison to the fullest extent of the law, the trial court may deviate from the PRR Act only to impose “a greater sentence of incarceration as authorized by law .” Id. at 658 (citing section 775.082(8)(c), Florida Statutes (1997)). See also Yehowshua v. State, 773 So.2d 654 (Fla. 4th DCA 2000). Because the appellant herein qualifies as a PRR, the trial court must impose the harsher life sentence pursuant to the PRR Act.
Accordingly, we affirm appellant’s life sentence as a PRR but remand this case to the trial court with directions to strike that portion of appellant’s sentence imposed under the habitual violent felony statute.
AFFIRMED in part; REVERSED and REMANDED.
POLEN, STEVENSON and TAYLOR, JJ., concur.