SILBERMAN, Judge.
Carl Cedric Nelson, Jr., appeals from the revocation of his probation in circuit case number 98-18446 and from his judgment and sentence in circuit case number 99-13146. Because the trial court revoked Nelson’s probation for a violation that was not charged, we reverse the order revoking Nelson’s probation. We affirm Nelson’s conviction in case number 99-13146 without comment but remand for resen-tencing.
In case number 98-18446, Nelson was charged with possession of cocaine, possession of cannabis with intent to sell or deliver, and obstructing or opposing an officer without violence. In June 1999, he entered into a plea agreement that resulted in his receiving eighteen months’ probation for the charges.
Two of the conditions of Nelson’s probation are relevant to this appeal. Condition four stated that Nelson will not possess, carry, or own any firearm, and condition five stated that Nelson will not violate the law. In October 1999, Nelson was charged with violating condition five by carrying a concealed weapon. Nelson denied the charge.
In case number 99-13146, Nelson was charged with various crimes. The charges were dropped except for a charge of trafficking in cocaine. That offense occurred in April 1999, two months before Nelson was placed on probation in case number 98-18446.
Nelson was ultimately convicted on the trafficking charge. During the sentencing hearing for that conviction, the trial court also revoked Nelson’s probation. The written order of revocation stated that Nelson violated condition five of his probation, as alleged in the charging affidavit. The trial court sentenced Nelson for both the violation of probation and the conviction in the trafficking case. The sentencing scoresheet for the trafficking convic *472 tion included points for the violation of probation.
Nelson argues that the revocation of his probation must be reversed because of the following: the alleged violation was that he was carrying a concealed weapon; there was no evidence presented to the trial court in support of the alleged violation; and the conviction for trafficking in cocaine could not serve as the basis for the revocation of probation because the offense occurred before Nelson was placed on probation. We agree that the probation revocation must be reversed.
Although the trial court based the revocation of probation on an alleged violation of condition five, Nelson denied the charge and the record contains no evidence that he carried a concealed weapon in violation of either condition four or five. Absent such evidence, the trial court could not properly revoke probation on the ground charged. Robinson v. State, 366 So.2d 1239, 1240 (Fla. 2d DCA 1979).
Additionally, the trafficking conviction could not serve as the basis for the revocation for two reasons. First, a defendant cannot be found to have violated his probation for a violation that was not charged. Parminter v. State, 762 So.2d 966, 967 (Fla. 2d DCA 2000); Mack v. State, 342 So.2d 562, 562 (Fla. 2d DCA 1977). Second, because the trafficking crime occurred before Nelson was placed on probation, it could not serve as the basis for the revocation. See Swift v. State, 362 So.2d 723, 724 (Fla. 2d DCA 1978).
It is the State’s burden to establish by the greater weight of the evidence that a willful and substantial violation of probation occurred. Rowan v. State, 696 So.2d 842, 843 (Fla. 2d DCA 1997). Arrest alone is not a sufficient basis for finding a violation of probation. Ontiveros v. State, 746 So.2d 1174, 1174 (Fla. 2d DCA 1999); Gomez v. State, 724 So.2d 1205, 1206 (Fla. 2d DCA 1998). Accordingly, the revocation of Nelson’s probation is reversed.
Because Nelson’s probation was improperly revoked and the sentencing score-sheet used to determine his sentence for the trafficking conviction included points for the revocation, Nelson must be resen-tenced. It also appears that at resentenc-ing, the prior offenses for which Nelson was on probation should be scored as prior record and not as additional offenses. See Fla. R.Crim. P. 3.702(d)(4), (8).
We have considered the other issues raised by Nelson and find them to be without merit. Accordingly, we reverse the revocation of probation in case number 98-18446, and we affirm the conviction but remand for resentencing in case number 99-13146.
Affirmed in part, reversed in part, and remanded.
CASANUEVA, A.C.J., and DAVIS J„ Concur.