SHAHOOD, J.
Appellant, Anthony Critsley, was charged by amended affidavit with violation of probation. The amended affidavit charged appellant with violating his probation by: (1) failing to report and submit a written monthly report; (2) appellant changed his approved place of residence without prior knowledge or consent of his probation officer; (3) appellant left the county of residence without prior knowledge or consent of his probation officer; (4) appellant left the county of his residence without prior knowledge or consent of his probation officer; (5) appellant, in Orange County Florida, committed the offense of DUI, or lesser included offense as evidenced by his arrest by FHP; and (6) that appellant failed to follow all instructions given to him by his officer.
The trial court found that appellant willfully violated his probation “in every way that has been charged here.” In revoking appellant’s probation, the court found six violations: (1) that appellant changed his residence without the consent or prior knowledge of his probation officer; (2) appellant left the county of his residence without the prior knowledge or consent of his probation officer; (3) appellant left the county of his residence without the prior knowledge or consent of his probation officer; (4) appellant left the county of his residence without prior knowledge or consent of his probation officer; (5) appellant, committed the offense of DUI in Orange County Florida; and (6) that appellant has failed to follow all instructions given to him by his probation officer.[1]
It is undisputed that hearsay evidence, while admissible in probation revocation proceedings, cannot constitute the sole basis for a finding of violation of probation. See Sagner v. State, 776 So.2d 1088 (Fla. 4th DCA 2001); Render v. State, 755 So.2d 653 (Fla. 4th DCA 1998). However, a revocation can be grounded on hearsay evidence combined with evidence which is admissible as an exception to the hearsay rule. See Render, 755 So.2d at 653.
In this case, the evidence presented at the revocation hearing consisted of uncorroborated hearsay testimony and/or evidence that was insufficient to support the allegations contained in the affidavit. It is also quite evident from the record that the court considered evidence which was unrelated to the conditions appellant allegedly violated. An order of revocation may not be based upon a violation not charged in the affidavit. See id. at 654. Lastly, appellant’s violation for failure to follow all instructions given to him by his probation officer was deficient. Although an affidavit is not required to comply with the same specifications as an information, it must allege the basic facts concerning the alleged violation such as the nature, time and place of occurrence. See Costanz v. State, 740 So.2d 71, 72 (Fla. 4th DCA 1999). None of these factors were contained in the amended affidavit regarding this alleged violation.
Based on the foregoing, we are compelled to reverse the trial court’s Order of Revocation of Probation and remand with *1257 directions that appellant’s probation be reinstated.
REVERSED AND REMANDED.
TAYLOR and MAY, JJ., concur.

. The dates of appellant’s violations of probation contained in both the affidavit charging the violations and the order revoking appellant's probation have been omitted due to discrepancies as to the dates in which these violations occurred.