SHAHOOD, J.
Appellant, C.D., a child, appeals from a delinquency order revoking his probation. Because the evidence did not support the trial court’s finding that appellant violated his probation, we reverse and remand.
Appellant was initially charged with grand theft auto in a petition for delinquency. After entering a plea, he was adjudicated delinquent and placed on juvenile probation and placed in a Department of Children and Families (DCF) shelter. An affidavit of violation of probation was filed alleging that appellant was classified to intensive probation on July 5, 2002 and that he absconded from a DCF foster care shelter on July 8, 2002 at 7:00 a.m. Appellant allegedly left his place of residence and his current whereabouts were unknown.
A Violation of Probation (VOP) hearing was held at which time appellant’s juvenile probation officer testified that appellant had been placed on intensive probation. Among the requirements of such proba *679 tion, appellant was informed that he was required to stay in the DCF shelter in which he was placed.
The probation officer stated that she would get reports from appellant’s DCF worker that appellant had run away or did not come back to the shelter. This resulted in the officer alleging a violation that appellant left the shelter but the officer admitted that she never directly confirmed with the shelter that appellant was not at the shelter at a particular time. She also stated that appellant was currently in the Detention Center for a new felony grand theft auto charge. The officer also admitted that she did not have any “personal knowledge” that appellant was not at the shelter. This information came solely from appellant’s DCF workers. She further stated that she did not have any personal knowledge as to whether appellant had been given permission by his DCF worker to visit a family member during that time, but added that it was not allowed.
Appellant testified that he knew he had to remain at the shelter and admitted that he left only once, on a Saturday. He explained:
My caseworker talked to the lady that worked down there, Miss Michelle. And that’s who they told me that my caseworker had to speak to in order for me to leave that program.
See, I didn’t have my JPO’s number, so I couldn’t call her. He said if I wanted to go somewhere I had to call her, but I didn’t have her number. I talked to Miss Michelle and Miss Michelle told me that I was allowed to—
At first, appellant stated that he was not at the shelter on July 8th, but when asked if he was at the shelter on Monday, July 8th, he stated that he had been at the shelter. The only time he had not been at the shelter was the Saturday he had referred to. He believed he had permission to leave the shelter to visit his grandmother but at no time did he run away from the shelter or leave without permission.
It is well settled that probation may be revoked only upon a showing that the probationer deliberately and willfully violated one or more conditions of probation. See Steiner v. State, 604 So.2d 1265, 1267 (Fla. 4th DCA 1992). To revoke probation, the conscience of the court must be satisfied that the state proved by a greater weight of the evidence that, under the totality of the circumstances, the probationer deliberately, willfully, and substantially violated a condition of his or her probation. See Blackshear v. State, 771 So.2d 1199 (Fla. 4th DCA 2000).
It is undisputed that hearsay evidence, while admissible in probation revocation proceedings, cannot constitute the sole basis for a finding of violation of probation. See Sagner v. State, 776 So.2d 1088 (Fla. 4th DCA 2001); Render v. State, 755 So.2d 653 (Fla. 4th DCA 1998).
In this case the state argues that the trial court properly revoked appellant’s probation where it relied upon hearsay and non-hearsay evidence. The state maintains that although the probation officer’s testimony was hearsay evidence, the trial court relied primarily upon appellant’s own testimony that he left the shelter.
Here, appellant testified that while he left the shelter once, he did so with permission. Further, he testified that he left the shelter on a Saturday, not on a Monday, as alleged in the affidavit of violation of probation.
At no time did the probation officer confirm with the shelter that appellant had in fact left the shelter at a particular time and she further admitted that she had no personal knowledge as to whether appellant had left the shelter. As to appellant’s claim that he had permission to leave to visit with his grandmother, the officer was *680 unable to confirm or deny that the shelter gave appellant permission to leave. She also testified that she received reports from the DCF worker that appellant left the shelter on two occasions, June 20 and July 5, neither of which was the alleged date of the violation, July 8.
In addition, the state’s reliance upon the Affidavit for Order to Take into Custody which stated that appellant “ran” from the shelter on July 8 and that his whereabouts were unknown, are mere allegations and are insufficient to establish a probation violation. See Grimsley v. State, 830 So.2d 118, 119-20 (Fla. 2d DCA 2002). Further, the state’s reliance on appellant’s arrest for another crime as evidence is also insufficient. See Nelson v. State, 802 So.2d 470, 472 (Fla. 2d DCA 2001).
Accordingly, based on the foregoing, the evidence in this case did not support the court’s finding that appellant violated his probation. We therefore reverse and remand and direct the trial court to reinstate appellant’s probation.
REVERSED AND REMANDED.
WARNER and KLEIN, JJ., concur.