**Rakeem T. PATTERSON, Appellant,**

v.

**STATE of Florida, Appellee.**

**No. 4D15–133**

District Court of Appeal of Florida, Fourth District.

[December 21, 2016]

Antony P. Ryan, Regional Counsel, and Louis G. Carres, Special Assistant Conflict Counsel of Office of Criminal Conflict and Civil Regional Counsel, Fourth District, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Georgina Jimenez–Orosa, Senior Assistant Attorney General, West Palm Beach, for appellee.

May, J.

The trial court's discretion to sentence a defendant concurrently or consecutively is at issue in this appeal. The defendant appeals a consecutive Prison Releasee Reoffender ["PRR"] sentence imposed after having been convicted for an offense that occurred while the defendant was serving another sentence in an unrelated case. He argues the trial court erred in failing to recognize it had discretion to impose a concurrent sentence. We agree and reverse.

The defendant was convicted of aggravated battery for an attack on another inmate while he was incarcerated for a separate carjacking conviction. The trial court sentenced the defendant to a consecutive fifteen year term with credit for 463 days. At the time of sentencing, the defendant had served six years of a twenty-eight year sentence.

At the sentencing hearing, the court stated its only discretion was to give credit for time served. The State asked if all were in agreement that the fifteen year sentence had to be served consecutively. The trial court agreed.

Following the discussion, defense counsel asked the court what it was relying on for the PRR sentence. The court responded that the sentence had to be consecutive, but the defendant could file a motion to modify the credit if he thought there was a legal basis. The defendant then filed a motion for new trial and to interview jurors, which the court denied. From his consecutive PRR sentence, the defendant now appeals.

Prior to filing his initial brief, the defendant moved to correct a sentencing error, pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). He argued the trial court had discretion to impose the sentence concurrently *or* consecutively. The trial court did not rule on the motion within in the time provided by the rule, which deems the motion denied.

■ On appeal, the defendant argues the trial court mistakenly believed it lacked discretion to sentence the defendant concurrently. The State responds the trial court correctly believed it lacked discretion to sentence a PRR defendant to concurrent terms. We agree with the defendant.

Because this appeals involves a legal issue, we have *de novo* review. *State v. Mosley*, 149 So.3d 684, 686 (Fla. 2014).

■ A defendant who commits aggravated battery while serving a prison sentence for a felony qualifies as a PRR. § 775.082(9)(a)(2), Fla. Stat. (2016). "Once the state proves by a preponderance of the evidence that a defendant qualifies as a PRR, he or she must be sentenced in accordance with the PRR Act." *Weire v. State*, 776 So.2d 1088, 1089 (Fla. 4th DCA 2001).

■ The PRR statute however does not require the sentence to be imposed consecutively or concurrently. *See* § 775.082. "[N]othing in the PRR statute can be construed as restricting a trial judge's general discretion to impose sentences consecutively or concurrently." *Mosley*, 149 So.3d at 688 (quoting *Reeves v. State*, 957 So.2d 625, 630 (Fla. 2007)); *see* § 775.021(4) (providing that a sentencing judge may order separate sentences to be served concurrently or consecutively).

The State cites section 921.16(1), Florida Statutes (2016) to support its position that the sentences must be served consecutively. That section provides "[s]entences of imprisonment for offenses not charged in the same [document] shall be served consecutively unless the court directs that two or more of the sentences be served concurrently." *Id.* No one disputes that the trial

court *could* sentence the defendant to consecutive sentences. But, it was not required to do so under § 921.16. Rather, that section allows the trial court discretion to run the sentences concurrently or consecutively.

■ Where the trial court mistakenly believes it has no discretion in sentencing, the case should be remanded for the court to exercise its discretion to impose the sentences concurrently or consecutively. *Goldwire v. State*, 73 So.3d 844, 846 (Fla. 4th DCA 2011).

Here, the trial court was under the mistaken belief that it did not have discretion to sentence the defendant concurrently. We therefore reverse and remand the case to the trial court to consider whether to impose a consecutive sentence knowing it has discretion to sentence the defendant concurrently.

*Reversed and Remanded.*

Ciklin, C.J., and Kuntz, J., concur.