DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**ROGER MOORE,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

Nos. 4D19-2941, 4D19-2942 and 4D19-2955

[November 18, 2020]

Consolidated appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; Robert E. Belanger, Judge; L.T. Case Nos. 562019CF000562, 562019CF000585 and 562017CF001570.

Carey Haughwout, Public Defender, and Claire Victoria Madill, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Jonathan P. Picard, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

In these consolidated appeals, the defendant appeals from his sentences in three circuit court cases: (1) case no. 17-CF-1570 for robbery (count I), third-degree grand theft (count II), and cocaine possession (count III); (2) case no. 19-CF-562 for one count of robbery; and (3) case no. 19-CF-585 for one count of attempted robbery. The defendant raises several arguments. We will briefly address three arguments, two of which require ministerial corrections to the defendant's sentences. We otherwise affirm the defendant's sentences.

First, as the state properly concedes, the defendant's scoresheet's prior record section incorrectly lists two convictions for possession of methamphetamine, when he had only one such prior conviction.

Second, as the state properly concedes, the circuit court incorrectly believed it had no discretion to run the defendant's prison releasee reoffender (PRR) sentences concurrently. *See State v. Mosely*, 149 So. 3d 684, 688 (Fla. 2014) ("[N]othing in the PRR statute can be construed as

restricting a trial judge's general discretion to impose sentences consecutively or concurrently.") (citation omitted); *Patterson v. State*, 206 So. 3d 64, 65 (Fla. 4th DCA 2016) ("The PRR statute however does not require the sentence to be imposed consecutively or concurrently.").

Third, as the state properly concedes, the costs order in case no. 17-CF-1750 incorrectly includes two duplicative $50 public defender application fees which should have been applied to case nos. 19-CF-562, and 19-CF-585, respectively.

We conclude, however, that although the defendant is entitled to a corrected scoresheet and costs order, the defendant is not entitled to a resentencing. The record conclusively shows beyond a reasonable doubt that the circuit court would have sentenced the defendant in the same fashion, including imposing the PRR sentences consecutively. *See Griffis v. State*, 509 So. 2d 1104, 1105 (Fla. 1987) ("[A] sentence can be affirmed only where the appellate court is satisfied by the entire record that the state has met its burden of proving beyond a reasonable doubt that the sentence would have been the same without the impermissible reasons."); *Brooks v. State*, 969 So. 2d 238, 241 (Fla. 2007) ("When scoresheet error is presented [properly], any error is harmless if the record conclusively shows that the trial court *would have imposed* the same sentence using a correct scoresheet."); *Zelaya v. State*, 257 So. 3d 493, 497 (Fla. 4th DCA 2018) (error in including two offenses for which the defendant, a PRR, was not convicted on the defendant's sentencing scoresheet was harmless; even with the errors, the defendant was sentenced to the lowest sentence possible under the PRR statute, and the state had already expressed an intent to seek a PRR sentence).

Here, after the state misadvised the circuit court that it had no discretion to run the defendant's PRR sentences concurrently, the circuit court then commented, "And even … if it was discretionary, *I wouldn't do it.*" (emphasis added). Further, the scoresheet error only brought the total points from 105.8 to an incorrect 107.4, for a recommended sentence of sixty months. Yet for the two robbery counts, the circuit court sentenced the defendant to an agreed-upon twenty-five-year cap in prison as a habitual felony offender, and the circuit court ordered those terms to run consecutively. The circuit court also imposed fifteen-year mandatory minimums due to the defendant's PRR designation. Lastly, the circuit court, before imposing those sentences, noted that guidelines sentences were not appropriate for the defendant on these cases based on his record: "[T]he prior guideline sentences have not deterred his criminal activity."

The other arguments which the defendant has raised in this appeal do not warrant resentencing, without further discussion.

Based on the foregoing, we affirm the defendant's sentences. We remand for the circuit court to: (1) delete one of the methamphetamine possession convictions from the defendant's scoresheet; (2) delete the two duplicative $50 public defender application fees from the costs order in case no. 17-CF-1750; and (3) apply those $50 public defender application fees to the costs orders in case nos. 19-CF-562 and 19-CF-585, respectively. *See* § 27.52(1)(b), Fla. Stat. (2019) ("An applicant shall pay a $50 application fee to the clerk for each application for court-appointed counsel filed."); *Dabel v. State*, 79 So. 3d 873, 875 (Fla. 4th DCA 2012) ("Because this [$50 public defender] application fee is clearly mandatory and not within the trial court's discretion, no notice was necessary; the statute itself provides notice that any applicant for court-appointed counsel is required to pay $50."). The defendant need not be present for these ministerial corrections.

*Affirmed; remanded with instructions.*

CONNER and KLINGENSMITH, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

3