570 So.2d 1140 (1990)
Beverly HARRINGTON, Appellant,
v.
STATE of Florida, Appellee.
No. 90-0300.
District Court of Appeal of Florida, Fourth District.
December 12, 1990.
*1141 Richard L. Jorandby, Public Defender, and Jeffrey L. Anderson, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Appellant/Defendant/Beverly Harrington (Harrington) appeals the trial court's revocation of her probation and sentence of one year in jail followed by one year probation. We reverse and remand to the trial court with instructions to reinstate Harrington's probation.
The affidavit charging Harrington with violating her probation contained the following charges:
I. VIOLATION OF CONDITION SIX (6) of the Orders of Probation by using intoxicants; to wit; cocaine to excess and visiting places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used, and as grounds for belief that she violated her probation, affiant states the aforesaid tested positive for cocaine in a test completed by the Department of Corrections on August 4, 1989 and confirmed by Wuesthoff Memorial Hospital Lab.
II. VIOLATION OF CONDITION EIGHT (8) of the Order of Probation, by failing to comply with all instructions given her by her probation, affiant states that on August 2, 1989 the aforesaid was instructed by the affiant to appear at the probation office the following morning by 9:00 to complete urinalysis for drug screening, and that the aforesaid did fail to carry out this instruction by failing to appear on August 3, 1989.
The trial court ruled on the charges in the affidavit at the probation violation hearing as follows:
All right. I also note, Miss Harrington, even though it has not been alluded to by either side, that, in addition to admitted violation of number six, which you admitted to smoking marijuana, you did not use cocaine, but the last portion of number six says nor will you visit places, and I presume that means also *1142 live, where intoxicants, drugs, or other dangerous substances are unlawfully sold or used.
Obviously, you're living at a place where someone is using cocaine because you said your boyfriend smokes it and he lives with you.
I am going to find, Miss Harrington, you violated your probation.
Finally, the written order of revocation of probation found that Harrington had violated the following conditions of her probation:
I. Violation Condition Six (6) of the Orders of Probation: By using intoxicants to wit: cocaine to excess and visiting places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used, as alleged [sic] in the affidavit dated September 18, 1989.
II. Violation of Condition Eight (8) of the Orders of Probation: By failing to comply with all instructions given her by her probation officer as alleged [sic] in the affidavit dated September 18, 1989.
Harrington first claims that the trial court erred in revoking her probation because the trial judge's written order was at variance with his oral pronouncements made at the revocation hearing. Although the written order stated that she violated probation by using cocaine and by failing to comply with her probation officer's instructions, the trial court made no such express oral findings at the revocation hearing. It is well settled that the written order of revocation of probation must conform to the oral pronouncements made at the revocation hearing by the trial judge. Robinson v. State, 468 So.2d 1106 (Fla. 2d DCA 1985). Because the trial judge did not make express oral findings that Harrington violated her probation by using cocaine and by failing to follow the instructions of her probation officer, those parts of Harrington's order of revocation of probation must be stricken. See Robinson, 468 So.2d at 1107.
Second, Harrington argues that the trial court erred in revoking her probation because the affidavit charging Harrington with violation of probation failed to contain an allegation that she violated probation by smoking marijuana. Although the affidavit charged Harrington with using intoxicants, the affidavit specified that the intoxicant used was cocaine, not marijuana. Therefore, because a defendant's probation may not be revoked for conduct not charged in the affidavit alleging a violation of probation, Moser v. State, 523 So.2d 783 (Fla. 5th DCA 1988), the trial court erred in its oral pronouncement that Harrington violated her probation because she admitted smoking marijuana.
Finally, Harrington claims that the trial court erred in revoking her probation for "visiting places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used." We agree with Harrington that the evidence at the probation violation hearing was insufficient to support such a charge. Although Harrington admitted living with a boyfriend who smoked cocaine, the state produced no evidence that Harrington visited places where intoxicants were sold, dispensed or used; that the boyfriend smoked cocaine at home; or that the boyfriend smoked cocaine in her presence. Because "nothing in the record excludes the reasonable inference" that Harrington's boyfriend did not smoke cocaine at home, see Smith v. State, 502 So.2d 77 (Fla. 3d DCA 1987), the evidence is legally insufficient to prove that Harrington violated her probation by visiting places where intoxicants were sold or used.
In summary, the trial court did not make an express oral finding that Harrington used cocaine or failed to follow the instructions of her probation officer. Additionally, since the affidavit of violation of probation failed to allege that Harrington smoked marijuana, the trial court erred in orally revoking her probation on that ground. Finally, the evidence presented at the revocation hearing was legally insufficient to prove that Harrington violated her probation by visiting places where intoxicants were sold or used.
*1143 Accordingly, we reverse and remand the instant case with instructions to reinstate Harrington's probation.
HERSEY, C.J., and GUNTHER and GARRETT, JJ., concur.