811 So.2d 749 (2002)
Walter Valdez JOHNSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-3255.
District Court of Appeal of Florida, Second District.
March 1, 2002.
Rehearing Denied March 28, 2002.
James Marion Moorman, Public Defender, and Carol J.Y. Wilson, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jennifer R. Haymes, Assistant Attorney General, Tampa, for Appellee.
FULMER, Judge.
Walter Valdez Johnson appeals from the revocation of his community control. We reverse because the revocation was based on a charge not alleged in the amended affidavit of violation of community control.
Johnson was charged by affidavit with violating his community control by failing to remain confined to his approved residence on March 31, 2000. At the revocation hearing of April 12, 2000, the State orally moved to amend the affidavit to include an allegation that Johnson was also absent from his home without permission on April 11, 2000. The trial court granted the request to amend. Although the transcript of the hearing suggests that the community control officer made a handwritten notation on the affidavit to include the April 11th violation, the modified affidavit is not in the appellate record.
After hearing testimony from the community control officer about both the March 31st and April 11th allegations, the trial court heard Johnson testify that he was absent from his home on April 11th because he had gone to the hospital with his sick child. The trial court then continued the revocation hearing for Johnson to produce documentation of his hospital trip. *750 The court again continued the hearing for that purpose on May 1, 2000, and on May 30, 2000.
On June 16, 2000, the community control officer executed an "Amended Affidavit" of violation of community control.[1] This amended affidavit charged Johnson with the original allegation that he failed to remain confined to his approved residence on March 31, 2000, and charged five new allegations. Significantly, the allegation regarding Johnson's absence from his home on April 11, 2000, was not included in this amended affidavit.
The final hearing in this case was held on June 28, 2000, and at that time, the trial court stated: "We continued this numerous times to see about these records with the hospital visit." When the prosecutor represented that the hospital had no record of Johnson's visit on April 11, 2000, the court proceeded to sentence Johnson. The trial court's written order revoking community control states that Johnson violated the conditions "as alleged in the amended affidavit ... dated 6/16/00."
Johnson asserts on appeal that the trial court heard evidence concerning only the March 31, 2000, and the April 11, 2000, allegations. The State agrees with this assertion and concedes that we are only concerned with the allegations on these two dates. Johnson further asserts that the April 11th allegation was not charged in the amended affidavit of community control dated June 16, 2000. The State concedes, and the record shows this to be the case.
A trial court is not permitted to revoke probation on conduct not charged in the affidavit of revocation. Parminter v. State, 762 So.2d 966 (Fla. 2d DCA 2000); Brown v. State, 468 So.2d 439 (Fla. 2d DCA 1985). Therefore, because the allegation that Johnson was not home on April 11, 2000, was not charged, it is not a permissible ground for the revocation.[2]
The State argues that the revocation should be affirmed because the allegation that Johnson was away from his home on March 31, 2000, was sufficient, by itself, to justify the revocation of the community control.[3] We decline to affirm the revocation on that basis because the transcripts reflect that it was not the basis for the revocation below, and we cannot say whether the trial court would have revoked the community control solely for the March 31st allegation. See Le Master v. State, 765 So.2d 259 (Fla. 1st DCA 2000) (reversing revocation order where revocation was based on uncharged conduct and it was unclear whether trial court would have based revocation on remaining allegations of failing to remain confined to residence); Barnes v. State, 739 So.2d 1181 (Fla. 1st DCA 1999) (reversing revocation where trial court placed special emphasis on unsupported ground that probationer failed to attend alcohol screening).
In Parminter, where the trial court relied on uncharged conduct in revoking probation, *751 this court reversed the order revoking probation "without prejudice to the State's ability to file an appropriate affidavit." 762 So.2d at 967. We, therefore, follow Parminter and reverse the revocation without prejudice to the right of the State to refile an appropriate affidavit in this case.
Reversed and remanded.
DAVIS and KELLY, JJ., Concur.
NOTES
[1] This amended affidavit was date stamped as filed by the clerk on June 29, 2000.
[2] The State suggests that this court should remand for reconstruction of the record so that the parties can locate the affidavit that was amended in court on April 12. We reject this suggestion because the trial court's order revoking community control specifically references the June 2000 affidavit as the operative charging document.
[3] Johnson contends that the allegation of March 31, 2000, did not rise to a substantial violation where the evidence showed that Johnson was outside his apartment but was six doors down in front of his neighbor's apartment, allegedly picking up his children, when the community control officer arrived at the scene.