830 So.2d 118 (2002)
Donna Fay GRIMSLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D01-1585.
District Court of Appeal of Florida, Second District.
August 2, 2002.
*119 James Marion Moorman, Public Defender, and Bruce P. Taylor, Assistant Public Defender, Bartow, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Jonathan P. Hurley, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
The circuit court revoked Donna Grimsley's probation based on her violation of condition three of her supervision, that she "not change [her] residence or employment or leave the county of [her] residence without first procuring the consent of [her probation] officer." The factual basis for the revocation was the court's finding that Grimsley knew it was "her responsibility to report to this probation officer according to [the officer's] testimony and that she has not reported, has not made herself available for supervision." We reverse because the evidence did not support a violation of condition three.
Donna Ellis, Grimsley's probation officer, filed an affidavit stating that Grimsley violated condition three by leaving the Peace River Mental Health Center on November 21, 2000, without Ellis's permission. The affidavit also alleged that Grimsley left her approved residence in Hardee County and moved to Hillsborough County, which was shown by her arrest there on December 14, 2000. However, the only evidence the State offered to prove these allegations was either insufficient or was hearsay.
Ellis was the State's only witness. Her testimony was, for the most part, hearsay, and defense counsel objected repeatedly on that ground. Ellis stated that someone at Grimsley's approved residence, the Caring Ministries Program, told her that Grimsley had been committed to the Peace River Center under the Baker Act. See § 394.451, Fla. Stat. (2000). Ellis was not sure when this occurred. Obviously, this involuntary commitment would not be a willful violation of the directive that Grimsley not change her approved residence without the officer's permission. Cf. Gibson v. State, 747 So.2d 420, 421 (Fla. 2d DCA 1999) (commenting that seriously ill probationer's decision to move in with her mother without notifying her officer was arguably not a willful violation of the directive that she not change her residence). Ellis had no idea when or even if Grimsley left Peace River because she never spoke to anyone at that facility. Ellis's only testimony on this point was that someone at Caring Ministries told her that someone at Peace River said that when Grimsley left, she said she was going home. No one from Peace River testified about Grimsley's stay there. Of course, it would have been clear that Grimsley left both her approved residence and Hardee County if the State had presented proof that she had been arrested in Hillsborough County. But it did not. The arrest was never mentioned at the probation revocation hearing.
A revocation of probation cannot be based solely on hearsay evidence, Kipp v. *120 State, 657 So.2d 931, 932 (Fla. 2d DCA 1995), or on allegations neither admitted nor proved, Jordan v. State, 412 So.2d 970, 971 (Fla. 2d DCA 1982). The State failed to prove by competent evidence that Grimsley violated condition three.
Ellis did testify that Grimsley had not reported to her monthly, as required by conditions eleven and twenty-three of the probation order, and the court relied on this evidence when finding a violation. But Ellis's affidavit did not mention the reporting requirements, nor did it allege that Grimsley had neglected to report. A court may not revoke probation based on conduct not charged in the affidavit of violation. Johnson v. State, 811 So.2d 749, 750-51 (Fla. 2d DCA 2002); Parminter v. State, 762 So.2d 966, 967 (Fla. 2d DCA 2000). We note that the State is free to file an appropriate affidavit and seek revocation based on violations of those conditions. Parminter, 762 So.2d at 967.
Reversed.
DAVIS and KELLY, JJ., Concur.