842 So.2d 275 (2003)
Raymond James PERKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 1D02-1907.
District Court of Appeal of Florida, First District.
April 16, 2003.
*276 Nancy A. Daniels, Public Defender; Archie F. Gardner, Assistant Public Defender, Tallahassee, for Appellant.
Charlie Crist, Attorney General; Robert L. Martin, Assistant Attorney General, Tallahassee, for Appellee.
LEWIS, J.
Appellant, Raymond James Perkins, appeals the trial court's revocation of his probation. Concluding that the trial court based the revocation on a violation not charged in the probation officer's violation of probation affidavit, we reverse the trial court's revocation without prejudice to the right of the State to refile an appropriate affidavit in this case.
By information dated April 30, 1999, the State charged appellant with one count of felony battery. Following appellant's plea, the trial court sentenced appellant to eighteen months in prison to be followed by eighteen months' probation. The third condition of appellant's probation, which is the pertinent one for purposes of this appeal, provided that, "You will not change your residence or employment or leave the county of your residence without first procuring the consent of your Probation Officer."
On April 18, 2001, appellant's probation officer filed a violation of probation affidavit, alleging that appellant committed six probation violations. The officer alleged that appellant violated the third condition of his probation for "[f]ailure to notify officer of change of address his current whereabouts are currently unknown." Both the officer's violation report and the warrant issued for appellant's arrest set forth the same allegation.
During the revocation hearing on April 29, 2002, appellant's probation officer testified that on April 6, 2001, he went to appellant's residence and was informed by appellant's landlord that appellant had "left that day." According to the officer, he next saw appellant in December 2001 when appellant reported to his office. On cross-examination, the officer testified that he provided appellant's landlord with his card and requested that she call him if appellant returned to the residence. He also testified that he spoke with appellant on the telephone in October 2001.
Following the officer's testimony, appellant moved to dismiss the officer's six alleged violations. As to the allegation concerning appellant's third condition of probation, appellant argued that the State's hearsay evidence could not serve as the only basis for the violation. While the trial court dismissed the other five allegations, with regard to the officer's allegation that is pertinent to this appeal, the trial court stated, "I'm going to deny that motion because that's not the only evidence. The other evidence is he didn't report from May throughor at least May through November...."
Appellant next testified that his landlord evicted him from his residence on April 6, 2001. On cross-examination, he testified that he reported to his probation officer during the months of May through November. He also testified that he informed his officer about his address change and that he wrote the change on his monthly report.
Following appellant's testimony, the trial court stated, "The Court is finding that the defendant has, in fact, violated his probation by absconding for the *277 months of May through November. He'll be adjudicated guilty of the violation of probation." The court then sentenced appellant to three years in prison with credit for time served. Based upon the record before us, the trial court failed to make a written finding of appellant's probation violation.[1] This appeal followed.
Appellant argues that the trial court committed reversible error in finding a violation of probation for an allegation that was not contained in the violation of probation affidavit. The revocation of a defendant's probation based upon a violation not alleged in the charging document is a deprivation of the right to due process of law. Richardson v. State, 694 So.2d 147, 147 (Fla. 1st DCA 1997) (citations omitted). While the State contends that appellant did not preserve this issue for appellate review, a contemporaneous objection was not required as a deprivation of the right to due process of law constitutes fundamental error. See id. (citations omitted).
A trial court is not permitted to revoke probation on conduct not charged in the affidavit. Parminter v. State, 762 So.2d 966, 967 (Fla. 2d DCA 2000) (holding that the trial court erred in finding that the appellant violated his probation for possessing cocaine as the affidavit failed to allege such a violation); see also N.L. v. State, 825 So.2d 509, 510 (Fla. 1st DCA 2002) (reversing the trial court's finding that the appellant violated probation as it did not find that the violations that were alleged were proven, and as it ordered revocation on a ground never alleged); Grimsley v. State, 830 So.2d 118, 119 (Fla. 2d DCA 2002) (noting that, while the trial court found that the appellant violated probation for failing to report to her probation officer, the officer's affidavit neither mentioned the reporting requirements nor alleged that the appellant had neglected to report); Nagel v. State, 758 So.2d 1206, 1208 (Fla. 4th DCA 2000) (reversing and remanding the trial court's finding that the appellant violated probation as neither the violation of probation affidavit nor the violation report specifically alleged that appellant violated condition five of his probation when he broke a stockade rule by testing positive for alcohol); Harrington v. State, 570 So.2d 1140, 1142 (Fla. 4th DCA 1990) (reversing and remanding the trial court's finding that the appellant violated probation for smoking marijuana as the affidavit specified that the intoxicant used was cocaine).
"An affidavit upon which a permanent revocation of probation is to be based must allege the basic facts concerning the alleged violation, such as its nature, time, and place of occurrence." Hines v. State, 358 So.2d 183, 185 (Fla.1978). Here, appellant's probation officer alleged in his April 18, 2001, affidavit that appellant violated condition three of his probation for "[f]ailure to notify officer of change of address his current whereabouts are currently unknown." In other words, as of the middle of April, appellant's whereabouts were unknown. However, the trial court found that appellant violated his probation for absconding during the months of May through November. While appellant's probation officer testified at the hearing that appellant had not reported during the months of May through November, he did not file an amended affidavit alleging such a violation. Nor did the State move to orally amend the affidavit during the revocation hearing. See Rosser v. State, 658 So.2d 175, 176 (Fla. 3d DCA 1995) (noting that it is settled that the State may substantively amend its charging *278 document during trial over the defendant's objection unless there is a showing of prejudice to the substantial rights of the defendant).
In Johnson v. State, 811 So.2d 749 (Fla. 2d DCA 2002), the Second District addressed a similar issue in which both the affidavit and the trial court's finding included similar conduct that occurred on different dates. In Johnson, the appellant was charged by affidavit with violating his community control by failing to remain confined to his approved residence on March 31, 2000. Id. During the revocation hearing, the State orally moved to amend the affidavit to include an allegation that the appellant also failed to remain confined on April 11, 2000. Id. After granting the State's request, the trial court heard testimony from the appellant's community control officer about the alleged March and April violations. Id. Following the trial court's continuation of the revocation hearing, in order that the appellant could gather and produce evidence as to why he was absent from his residence on April 11, 2000, the officer filed an amended affidavit, which contained the March 31, 2000, allegation and five new allegations, but did not contain the April allegation. Id. at 750. After the appellant failed to produce any evidence regarding the April allegation during the final hearing, the trial court entered a written order that set forth that the appellant violated the conditions "as alleged in the amended affidavit." Id.
The Second District, in reversing and remanding the trial court's order, followed prior case precedent that a trial court is not permitted to revoke probation on conduct not charged in the affidavit. Id. Because the allegation that the appellant was not home on April 11, 2000, was not charged in the amended affidavit, the court held that it was not a permissible ground for the revocation. Id. The court reversed the revocation without prejudice to the right of the State to refile an appropriate affidavit. Id.
Although the instant case deals with a probationer who allegedly absconded, while the appellant in Johnson failed to remain confined to his approved residence, Johnson is instructive on the issue of how specific allegations in violation affidavits must be stated in order to form the basis of a trial court's violation order. While the appellant in Johnson engaged in the same "conduct" on both March 31, 2000, and on April 11, 2000, by allegedly failing to stay confined, because the specific date of April 11, 2000, was not included in the amended affidavit, the Second District reversed the trial court's order. Here, like Johnson, the trial court's revocation of appellant's probation was based upon conduct not charged in the officer's affidavit. The affidavit did not allege that appellant violated his probation by absconding during the months of May through November. Therefore, the trial court could not revoke appellant's probation on this basis.
While the State contends that appellant's violation actually began in April 2001, notwithstanding the trial court's express reference to the month of May, we decline to speculate as to what the trial court actually meant in its finding. Accordingly, because the trial court found that appellant violated his probation for conduct not specifically charged in the violation of probation affidavit, we reverse the trial court's revocation of appellant's probation without prejudice to the right of the State to refile an appropriate affidavit in this case.
REVERSED.
VAN NORTWICK and HAWKES, JJ., CONCUR.
NOTES
[1] Although not an issue on appeal, we note that a trial court must enter a written order specifying the terms and conditions of probation that have been violated. See Jones v. State, 638 So.2d 126 (Fla. 1st DCA 1994).