VILLANTI, Judge.
 

 Charles Lyn Cherington, Sr., appeals the order revoking his probation and the sentence imposed upon revocation. We affirm the revocation of Cherington’s probation but remand for the court to strike the finding that he violated condition (4) of his probation. We also reverse Chering-ton’s sentence and remand for him to be resentenced using a corrected scoresheet.
 

 In February 2006, Cherington pleaded no contest to one count of aggravated assault with a deadly weapon and one count of violating a domestic violence injunction. He was sentenced to thirty-six months’ drug offender probation.
 

 On October 22, 2008, the Department of Corrections filed an affidavit of violation of probation alleging that Cherington had violated three conditions of his probation: condition (3) by changing his residence without consent; condition (4) by visiting places where drugs were unlawfully sold,
 
 *660
 
 dispensed, or used; and condition (8) by violating the law. Following an evidentia-ry hearing, the trial court found that Cher-ington had violated all three conditions of his probation. It then revoked his probation and sentenced him to thirty months in prison on the underlying aggravated assault conviction and to time served on the underlying domestic violence injunction conviction. Cherington now seeks review of both the revocation of his probation and the resulting sentence.
 

 As to the revocation of his probation, Cherington does not dispute that the State presented sufficient evidence to establish that he violated conditions (3) and (8) of his probation. However, he contends that the State failed to fully prove the violation of condition (4) as it was alleged in the affidavit. We agree.
 

 Condition (4) of Cherington’s probation order provides:
 

 You will not use intoxicants to excess or possess any illegal drugs or narcotics unless prescribed by a physician. You will not visit places where intoxicants, drugs or other dangerous substances are unlawfully sold, dispensed or used.
 

 Thus, there are three separate conditions in this provision: (1) that Cherington will not
 
 use
 
 intoxicants to excess; (2) that Cherington will not
 
 possess
 
 illegal drugs; and (8) that Cherington will not
 
 visit
 
 places where drugs are unlawfully sold, dispensed, or used.
 

 The affidavit of violation of probation filed against Cherington alleged as follows concerning condition (4):
 

 Violation of Condition Four (4) of the orders of Drug Offender Probation,
 
 by visiting places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used;
 
 and as grounds for belief that the offender violated his probation, Officer Garzillo states that on or about October 11, 2008 at approximately 2:00 A.M., the offender did visit an associate’s house in Zephyr-hills where he purchased $40.00 worth of crack cocaine from “TJ” and smoked his $40.00 plus some of “TJ’s”. The subject provided this Officer with hand written and verbal admission.
 

 Thus, the allegations of the affidavit clearly alleged a violation of only the third provision of condition (4) and not a violation of the first two provisions of condition (4).
 

 At the revocation hearing, however, the State presented no evidence that Chering-ton visited any “associate’s” house, that he purchased cocaine from TJ or anyone else, or that he smoked either his or TJ’s cocaine on October 11, 2008. Instead, it presented only evidence that Cherington had possessed cocaine on some undetermined date through Cherington’s own admission to his probation officer that he had smoked cocaine with a friend. However, that admission, without more, did not fairly meet the conduct as charged in the violation of condition (4). Nevertheless, the trial court found without equivocation that the State had proved that Cherington violated condition (4) of his probation.
 

 “[A] trial court is not permitted to revoke probation on conduct not charged in the affidavit of violation.”
 
 Parminter v. State,
 
 762 So.2d 966, 967 (Fla. 2d DCA 2000);
 
 see also Butler v. State,
 
 450 So.2d 1283, 1285 (Fla. 2d DCA 1984);
 
 Perkins v. State,
 
 842 So.2d 275, 277 (Fla. 1st DCA 2003). To revoke probation based on conduct not charged in the affidavit constitutes a deprivation of the defendant’s right to due process of law.
 
 See Perkins,
 
 842 So.2d at 277. A revocation based on uncharged conduct generally requires reversal.
 

 For example, in
 
 Harrington v. State,
 
 570 So.2d 1140 (Fla. 4th DCA 1990), the affida
 
 *661
 
 vit of violation alleged that Harrington had violated condition (6) of her probation by
 

 using intoxicants; to wit; cocaine to excess and visiting places where intoxicants, drugs, or other dangerous substances are unlawfully sold, dispensed or used, and as grounds for belief that she violated her probation, affiant states the aforesaid tested positive for cocaine in a test completed by the Department of Corrections on August 4, 1989 and confirmed by Wuesthoff Memorial Hospital Lab.
 

 Id.
 
 at 1141. However, at Harrington’s violation of probation hearing, the State did not present any evidence that Harrington had used cocaine.
 
 Id.
 
 at 1142. Instead, the only evidence presented was that Harrington admitted to smoking marijuana.
 
 Id.
 
 Further, while the State presented evidence that Harrington’s live-in boyfriend used cocaine, the State did not present evidence that Harrington ever visited a place where cocaine was used or that her boyfriend had used cocaine in the residence they shared.
 
 Id.
 
 Because the only evidence supporting the violation of this condition was Harrington’s admission to smoking marijuana, which was not the conduct charged in the affidavit, the Fourth District held that the trial court had improperly revoked Harrington’s probation, and it reversed the order of revocation and remanded for reinstatement of her probation.
 
 Id.
 
 at 1142-43.
 

 Similarly here, the affidavit alleged that Cherington violated condition (4) by visiting an “associate’s” house in Zephyrhills on October 11, 2008, where Cherington allegedly purchased and smoked $40 of cocaine. However, the State presented no evidence to support this allegation. It did present evidence that Cherington had admitted to possessing and using cocaine on some undetermined date, but this was not the conduct explicitly charged in the affidavit concerning condition (4). Accordingly, because the State did not prove its allegations concerning the violation of condition (4), the trial court erred in finding that Cherington had violated this condition of his probation.
 

 Despite this error, however, we need not reverse the order of revocation. After hearing the evidence against Cher-ington, the trial court stated on the record that while it would not have revoked probation based solely on the violation of condition (3), given the violation of conditions (4) and (8), it would revoke the probation. It is clear from this statement that even if the violation of condition (4) was not found, the trial court would have revoked Cher-ington’s probation based on the violation of conditions (3) and (8). Accordingly, because it is apparent from the record that the trial court would have revoked Cher-ington’s probation even in the absence of the violation of condition (4), we affirm the order of revocation but remand with instructions to strike the references to condition (4) in that order.
 

 In addition to his challenge to the revocation order itself, Cherington also argues that the trial court erred in sentencing him because the scoresheet used at the revocation hearing contained an error. Again we agree.
 

 The scoresheet used at Cherington’s sentencing upon revocation included twelve points for a “community sanction violation,” which resulted in a lowest permissible sentence of 15.75 months in prison. At the hearing, Cherington objected to the inclusion of these twelve points, arguing that only six points should be scored for the community sanction violation, which would result in the lowest permissible sentence being any nonstate prison sanction. The trial court overruled Cherington’s objection and sentenced him based on the inclusion of twelve points for
 
 *662
 
 the “community sanction violation.” This was error.
 

 The applicable sentencing scoresheet statute provides, in pertinent part:
 

 Community sanction violation points are assessed when a community sanction violation is before the court for sentencing.
 
 Six (6) sentence points are assessed for each community sanction violation and each successive community sanction violation, unless any of the following apply:
 

 1.
 
 If the community sanction violation includes a new felony conviction before the sentencing court,
 
 twelve (12) community sanction violation points are assessed for the violation, and for each successive community sanction violation involving a new felony conviction.
 

 2.
 
 If the community sanction violation is committed by a violent felony offender of special concern as defined in s. 918.06:
 

 a. Twelve (12) community sanction violation points are assessed for the violation and for each successive violation of felony probation or community control where:
 

 (I) The violation does not include a new felony conviction; and
 

 (II) The community sanction violation is not based solely on the probationer or offender’s failure to pay costs or fines or make restitution payments.
 

 b. Twenty-four (24) community sanction violation points are assessed for the violation and for each successive violation of felony probation or community control where the violation includes a new felony conviction.
 

 § 921.0024(l)(b), Fla. Stat. (2008) (emphasis added). A “violent felony offender of special concern” is defined as follows:
 

 (b) For purposes of this section and ss. 903.0351, 948.064, and 921.0024, the term “violent felony offender of special concern” means a person who is on:
 

 1.
 
 Felony probation or community control related to the commission of a qualifying offense committed on or after the effective date of this act;
 

 2.
 
 Felony probation or community control for any offense committed on or after the effective date of this act,
 
 and has previously been convicted of a qualifying offense;
 

 3.
 
 Felony probation or community control for any offense committed on or after the effective date of this act,
 
 and is found to have violated that probation or community control by committing a qualifying offense;
 

 4. Felony probation or community control and has previously been found by a court to be a habitual violent felony offender as defined in s. 775.084(l)(b) and has
 
 committed a qualifying offense on or after the effective date of this act;
 

 5. Felony probation or community control and has previously been found by a court to be a three-time violent felony offender as defined in s. 775.084(l)(c) and has
 
 committed a qualifying offense on or after the effective date of this act;
 
 or
 

 6. Felony probation or community control and has previously been found by a court to be a sexual predator under s. 775.21 and has
 
 committed a qualifying offense on or after the effective date of this act.
 

 (c) For purposes of this section, the term “qualifying offense” means any of the following:
 

 [[Image here]]
 

 14.
 
 Aggravated assault
 
 under s. 784.021.
 

 § 948.06(8)(b), (c), Fla. Stat. (2008) (emphasis added). Pursuant to these statutory provisions, Cherington’s scoresheet
 
 *663
 
 should have included six points for a community sanction violation unless he had a new felony conviction at the time of sentencing or qualified as a “violent felony offender of special concern” as defined.
 

 The undisputed facts here show that Cherington did not have a new felony conviction when he was before the court for sentencing on the violation of probation. Further, Cherington did not qualify as a “violent felony offender of special concern.” While Cherington’s underlying conviction was for aggravated assault, which is a qualifying offense under the statute, that underlying offense occurred in 2005, before the effective date of the amended section 948.06(8) on October 1, 2007. Thus, under the plain language of the statute, that offense could not be used to qualify Cherington as a “violent felony offender of special concern” for purposes of the sentencing scoresheet. Accordingly, the State incorrectly scored twelve points for the community sanction violation, and the scoresheet used at Cherington’s sentencing was erroneous.
 

 Moreover, on this record, we cannot say that the scoresheet error was harmless. On direct appeal, the question of whether a scoresheet error is harmless is answered by determining whether the same sentence would have been imposed under a corrected scoresheet.
 
 State v. Anderson,
 
 905 So.2d 111, 112 (Fla.2005);
 
 see also Brooks v. State,
 
 969 So.2d 238, 241 (Fla.2007) (reaffirming that the “would have been imposed” standard applies to scoresheet errors on direct appeal). Under the “would have been imposed” standard, a sentence based on an erroneous scoresheet must be reversed unless “the appellate court is clearly convinced that the defendant would have received the same sentence notwithstanding the score-sheet error.”
 
 Anderson,
 
 905 So.2d at 114 (quoting
 
 Sellers v. State,
 
 578 So.2d 339, 341 (Fla. 1st DCA 1991)). Generally, when a defendant is sentenced to state prison and “[t]he presumptive sentence under a corrected scoresheet will not involve a state prison sanction, ... it cannot be said that the same sentence would have been imposed absent the error.... ”
 
 Williams v. State,
 
 720 So.2d 590, 591 (Fla. 2d DCA 1998);
 
 see also Ray v. State,
 
 987 So.2d 155, 156 (Fla. 1st DCA 2008) (holding that when the trial court sentenced the defendant to prison under the belief that the lowest permissible sentence was a prison term but the lowest permissible sentence under a corrected scoresheet would be a nonprison sanction, the court could not say that the same sentence would have been imposed had the trial court had the correct information).
 

 Here, the trial court erroneously believed that the twelve points scored for the community sanction violation were proper, and thus it erroneously believed that the lowest permissible sentence was 15.75 months in prison. However, using a corrected scoresheet that included only six points for the community sanction violation, the lowest permissible sentence would be any nonstate prison sanction. Thus, on this record, we cannot say that the trial court would have imposed the same sentence had it had the benefit of a correct scoresheet. Therefore, we reverse Cher-ington’s sentence and remand for resen-tencing using a corrected scoresheet.
 

 Revocation affirmed, sentence reversed, and remanded with instructions.
 

 FULMER and NORTHCUTT, JJ., Concur.