PALMER, J.
 

 Orion Manis (defendant) appeals his judgments and sentences which were entered by the trial court after the court found him guilty of violating the terms of his probation. Although there was sufficient evidence presented by the State to support both claimed violations, we remand for the entry of a proper violation of probation (VOP) order.
 

 The defendant was charged with violating two terms of his probation. Specifically, the defendant was charged with violating condition 5 by committing the new criminal offense of filing a false police report, and violating condition 7 by using the
 
 *587
 
 prescription medication Percocet without having a legal prescription. The matter proceeded to a VOP hearing during which the State presented ample evidence establishing both charges.
 

 The trial court did not issue a written VOP or revocation order in this case. Rather, the court made verbal statements at the close of the VOP hearing. As to condition 7, the trial court made an express finding that the defendant violated that condition by using the prescription medicine Percocet without having a legal prescription. However, as to condition 5, the trial court verbally indicated that defendant violated condition 5, but did not make an express finding that the defendant had filed a false police report. Instead, the court made the following ambiguous statement:
 

 You violated your probation in a substantial way and I’m sentencing you to— fifteen years in the Department of Corrections on Count I for the reasons I set forth in the record because there’s a substantial likelihood he was involved in a home invasion armed.
 

 A trial court’s decision to revoke a defendant’s probation based on conduct not charged in the VOP affidavit violates due process and constitutes fundamental error.
 
 Wyns v. State,
 
 679 So.2d 882 (Fla. 5th DCA 1996). In
 
 Cherington v. State,
 
 24 So.3d 658 (Fla. 2d DCA 2009), the Second District explained:
 

 “[A] trial court is not permitted to revoke probation on conduct not charged in the affidavit of violation.”
 
 Parminter v. State,
 
 762 So.2d 966, 967 (Fla. 2d DCA 2000);
 
 see also Butler v. State,
 
 450 So.2d 1283, 1285 (Fla. 2d DCA 1984);
 
 Perkins v. State,
 
 842 So.2d 275, 277 (Fla. 1st DCA 2003). To revoke probation based on conduct not charged in the affidavit constitutes a deprivation of the defendant’s right to due process of law.
 
 See Perkins,
 
 842 So.2d at 277. A revocation based on uncharged conduct generally requires reversal.
 

 Here, the trial court’s verbal ruling is ambiguous and there is no written VOP order. This court has consistently held that a “trial judge must specify in the written order or judgment what conditions the defendant violated.”
 
 Mormon v. State,
 
 976 So.2d 1188, 1189 (Fla. 5th DCA 2008).
 
 Accord Kadyebo v. State,
 
 15 So.3d 928 (Fla. 5th DCA 2009);
 
 Young v. State,
 
 4 So.3d 1265 (Fla. 5th DCA 2009). Accordingly, we vacate the defendant’s judgments and sentences, and remand this matter to the trial court for the entry of a proper VOP order setting forth the specific violations of probation.
 

 VACATED and REMANDED.
 

 GRIFFIN and JACOBUS, JJ., concur.