MARSTILLER, J.
Appellant asserts two errors by the trial court in revoking his probation and sentencing him to 15 years in prison: the court entered a written judgment that does not conform to the court’s oral pronouncement; and the court fundamentally erred by finding him in violation of probation based on conduct not alléged in the probation officer’s affidavit. We agree and reverse.
In October 2005, Appellant pled guilty to, and was convicted of, lewd battery involving a person 12 or older but younger than 16. The trial court sentenced Appellant, 20 years old at the time of the offense, to 42 months in prison followed by three years’ sex offender probation. The 27 conditions of probation included special condition 12, which provided: “Until completion of the Sexual Offender Program, you will have no unsupervised contact with any child under the age of 18 years without another adult present who is responsible for the child’s welfare, who has been advised of the crime(s) of this case.”
Appellant began his probationary sentence in October 2008. In December 2009, his probation officer filed an affidavit alleging Appellant had violated conditions 8 and 9 and special conditions 12 and 18 of the order of sex offender probation. As to condition 12, the affidavit states:
[0]n or about 11/25/09 the offender had contact with a 1 year old child, according to information obtained from a witness, who resides directly across the street from the offender. The witness stated he noticed Mr. Wells washing a tan SUV in his front yard. Standing next to him was a woman holding a baby (approximately 1 year old). Later Mr. Wells came out of the house holding the child. The witness stated the woman that was with the child was a heavy set black female. The offender’s girlfriend, Crystal Gayle is a smaller black female, approximately 120 pounds. The sworn statement indicates that Mr. Wells was having contact with a child other than his girlfriend’s children.
At the violation of probation hearing, testifying witnesses included Petei Rastel-lini, the eyewitness whose sworn statement supports the probation officer’s affidavit, *553 and Darleasha Wells, Appellant’s sister and the mother of the one-year-old Appellant was seen holding. Mr. Rastellini’s testimony substantiated the allegations in the affidavit. Notably, however, he did not specifically testify that he saw Appellant alone with the baby. Ms. Wells testified it was her SUV that Appellant was seen washing in his yard, that the one-year-old is her child, that the child was in her presence the whole time, and that she knew of her brother’s sexual offender status and probation conditions at the time.
Appellant testified on his own behalf. Neither the prosecutor nor defense counsel questioned him specifically about the incident Mr. Rastellini reported. Instead, they inquired about his contact with his girlfriend’s three young children. Appellant testified he has had occasional brief unsupervised contact with the children when their mother went to the store. But on some of those occasions, his girlfriend’s sister was present in the girlfriend’s home. And both women knew of his prior sexual offense and probation conditions, although not that his victim was 12 years old.
The trial court orally pronounced Appellant in violation of special condition 12, finding he had unsupervised contact with his girlfriend’s children. The court found no violations of conditions 8, 9 or 18. The written revocation order, however, “finds the Defendant in violation of conditions 8, 9,12, & 18.”
As the State properly concedes, the revocation order is incorrect insofar as it contradicts the trial court’s oral pronouncement as to conditions 8, 9 and 18. See Thompson v. State, 965 So.2d 1250, 1251 (Fla. 1st DCA 2007) (“When a conflict exists between an oral revocation pronouncement and the written order revoking probation, the oral pronouncement will control.”). The remaining violation — special condition 12 — cannot stand because “[a] trial court is not permitted to revoke probation on conduct not charged in the affidavit.” Perkins v. State, 842 So.2d 275, 277 (Fla. 1st DCA 2003), and cases cited therein. The court based its finding on evidence that Appellant had unsupervised contact with his girlfriend’s children. But the only allegation in the violation of probation affidavit is that Appellant was seen holding a baby. And the affidavit does not allege the contact was unsupervised. Cfi, Joslin v. State, 984 So.2d 1269, 1272 (Fla. 2d DCA 2008) (court could not revoke probation for failure to tell probation officer contact with children must be supervised when affidavit alleged neither that probationer must have supervised contact or that he failed to advise probation officer of that requirement). Appellant did not raise this issue below, but revoking an individual’s probation for conduct not alleged in the charging document deprives the individual of due process and constitutes fundamental error. See Ray v. State, 855 So.2d 1260, 1261 (Fla. 4th DCA 2003); Smith v. State, 738 So.2d 433, 435 (Fla. 1st DCA 1999); Richardson v. State, 694 So.2d 147, 147 (Fla. 1st DCA 1997).
The State’s other evidence fails to prove Appellant violated special condition 12 of his probation, which prohibits “unsupervised contact with any child under the age of 18 years without another adult present who is responsible for the child’s welfare, who has been advised of the crime(s) of this case.” (Emphasis added). See Lindsay v. State, 54 So.3d 638, 639 (Fla. 1st DCA 2011) (trial court has broad discretion to find violation of probation, but State must prove willful and substantial violation by preponderance of the evidence). Mr. Rastellini, who testified he saw Appellant in his yard holding a baby, did not say, even when the court attempted to clarify his testimony, that he saw Appellant alone with the baby. Even if *554 Mr. Rastellini had so testified, the court could not find a probation violation because, as noted above, the affidavit did not allege Appellant had unsupervised contact with the child.
Accordingly, we reverse the order revoking Appellant’s probation and vacate the 15-year prison sentence.
LEWIS and HAWKES, JJ., concur.