PER CURIAM.
We reverse the circuit court’s finding that appellant violated his probation. The affidavit of violation specified that appellant had violated a condition of probation by skipping school or being tardy on specific dates. There was no evidence presented at the hearing that appellant violated his probation on those dates. This case is similar to Cherington v. State, 24 So.3d 658, 661 (Fla. 2d DCA 2009), in which the second district held that it was error to find a probation violation where Cherington had admitted to possessing and using cocaine on some undetermined date rather than on the date specified in the affidavit of violation. The court reasoned that the unspecified date
was not the conduct explicitly charged in the affidavit.... Accordingly, because the State did not prove its allegations concerning the violation of condition (4), the trial court erred in finding that Cherington had violated this condition of his probation.
Id.; see also Perkins v. State, 842 So.2d 275, 278 (Fla. 1st DCA 2003) (reversing where the affidavit of violation of probation alleged that probationer’s failure to remain confined to approved residence had occurred in April, and the trial court found that such a failure did not begin until May). “To revoke probation based on conduct not charged in the affidavit constitutes a deprivation of the defendant’s right to due process of law.” Cherington, 24 So.3d at 660.

Reversed and remanded.

STEVENSON, GROSS, JJ., and STREITFELD, JEFFREY E„ Associate Judge, concur.