BLACK, Judge.
Robert McRae appeals an order revoking his probation and his resulting sentence. McRae argues, and the State correctly concedes, that the trial court committed fundamental error by revoking his probation for conduct that was not alleged in the affidavit of violation of probation. Therefore, we reverse.
On October 7, 2010, McRae entered a guilty plea to various offenses in two separate cases, including drug possession offenses. As a part of his plea, the court sentenced him to four and one-half years of probation. On March 28, 2011, a violation of probation affidavit was filed. The affidavit alleged that McRae violated special condition 23 by failing to attend and successfully complete the Meth Free Project and that he violated special condition 24 by failing to successfully complete or remain in mental health treatment. On April 2, 2011, the police arrested McRae for a different violation of his probation. In the arrest report, the officer stated that he knew McRae and knew that he was on felony probation with a 10 p.m. curfew and a prohibition from visiting bars or consuming alcohol. He stated that he observed McRae exiting a bar at 1:15 a.m. and that he subsequently arrested him.
The court held a violation of probation hearing on April 4, 2011. The State made an offer to McRae on the record at the beginning of the hearing. The court stated that the “violations would be violation of your curfew and ... also apparently the consumption of alcohol.” McRae then accepted the offer and admitted to the curfew and consumption of alcohol violations. However, the State did not amend the violation of probation affidavit to reflect the April 2, 2011, violations, either prior to the hearing or on the record at the hearing. The State also presented no proof of the curfew and consumption of alcohol violations at this hearing. There was no discussion and no admission concerning violations of conditions 23 and 24. The court accepted the admission to the curfew and alcohol consumption violations and orally revoked probation based on those violations. The court entered an order revoking McRae’s probation and sentencing him to two years of community control; however, the court’s order failed to state what condition of probation McRae violated.
“A trial court is not permitted to revoke probation on conduct not charged in the affidavit of revocation.” Johnson v. State, 811 So.2d 749, 750 (Fla. 2d DCA 2002). “[R]evoking an individual’s probation for conduct not alleged in the charging document deprives the individual of due process and constitutes fundamental error.” Wells v. State, 60 So.3d 551, 553 (Fla. 1st DCA 2011); see also Johnson, 811 So.2d at 750. “ ‘It is error for a trial court to revoke probation even for a conceded violation when the probationer has been charged with a different violation altogether.’ ” Ray v. State, 855 So.2d 1260, 1261 (Fla. 4th DCA 2003) (quoting N.L. v. State, 825 So.2d 509, 510 (Fla. 1st DCA 2002)).
Here, McRae admitted to the curfew and consumption of alcohol allegations; however, those allegations were not charged in the violation of probation affidavit. This is reversible, fundamental error. See Johnson, 811 So.2d at 750. The State also notes that the trial court committed reversible error by failing to specify what condition McRae violated in its order revoking probation, and we agree. See DeJesus v. State, 848 So.2d 1276, 1278 n. 1 (Fla. 2d DCA 2003).
*386 Because the trial court erred, we reverse the order of revocation. However, we reverse without prejudice to the State proceeding on the original affidavit or filing an appropriate affidavit. See Johnson, 811 So.2d at 751 (citing Parminter v. State, 762 So.2d 966, 967 (Fla. 2d DCA 2000)); Ray, 855 So.2d at 1262 (“The State may again proceed on the original affidavit of violation, or may seek to amend the affidavit if such is appropriate.”).
Reversed and remanded.
SILBERMAN, C.J., and LaROSE, J., Concur.