KELLY, Judge.
K.M.A. appeals from the trial court’s order revoking her probation, adjudicating her delinquent, and committing her to a moderate risk facility. The State concedes and we agree that it was fundamental error to revoke K.M.A.’s probation where the charging document did not state what conditions of probation were violated and the revocation order did not include specific findings. Accordingly, we reverse and remand for reinstatement of K.M.A.’s probation.[1]
K.M.A., a fifteen-year-old dependent child, entered a no contest plea to possession of cannabis. The trial court withheld adjudication and placed K.M.A. on six months of probation in December 2011. Before her probation terminated, K.M.A. was placed with an aunt in Ohio; however, that placement did not work out and she was returned to Florida in April 2012. As her case manager drove her from the airport to her residence, K.M.A. jumped out of the ear at a stoplight and fled. About ten days later she was picked up and placed into secure detention for twenty-one days. Meanwhile, an affidavit of violation of probation was filed, which described K.M.A.’s escape from her guardian’s car but failed to charge her with violating any specific terms or conditions of probation.
Despite the fact that the affidavit of violation of probation failed to list specific conditions that K.M.A. violated, the circuit court revoked her probation and committed her to a moderate risk facility. At the hearing, the circuit court concluded that when K.M.A. jumped out of her guardian’s car, she knew that she was violating probation conditions prohibiting her from leaving home without permission and requiring her to keep her parents advised of her whereabouts at all times. But these specific violations were not alleged in the affidavit, and the trial court committed error when it found that K.M.A. violated her probation based on uncharged conduct. See Joslin v. State, 984 So.2d 1269, 1272 (Fla. 2d DCA 2008) (“It is not proper for a court to find a violation based on conduct not alleged in the affidavit of violation of probation.”).
Furthermore, because the affidavit failed to cite any specific conditions that K.M.A. allegedly violated, K.M.A. appeared at the hearing without adequate notice of the charges against her. “[Revoking an individual’s probation for conduct not alleged in the charging document deprives the individual of due process and constitutes fundamental error.” Wells v. State, 60 So.3d 551, 553 (Fla. 1st DCA 2011). Finally, even if K.M.A. had been adequately charged and found to have violated specific conditions, the failure of the trial court to specify the conditions violated in the revocation order would have been reversible error. See McRae v. State, 88 So.3d 384, 385 (Fla. 2d DCA 2012) (observing, in another case in which the State conceded error, that “the trial court committed reversible error by failing to specify what condition [the defendant] violated in its order revoking probation”).
Based on the foregoing, we reverse the order revoking K.M.A.’s probation and committing her to a moderate risk facility *1002 and remand for reinstatement of K.M.A.’s probation.
Reversed and remanded.
CASANUEVA and KHOUZAM, JJ, Concur.

. The court appreciates the State’s concession of error, which has facilitated an expeditious resolution of this appeal.