# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-4672

_____

CURTIS WAYNE HODGES,

> Appellant,

v.

STATE OF FLORIDA,

> Appellee.

_____

On appeal from the Circuit Court for Nassau County.
Robert M. Foster, Judge.

December 27, 2018

PER CURIAM.

In this appeal from his resentencing following the revocation of probation, Appellant raises three claims: (1) the trial court erred in denying his motion to dismiss for lack of jurisdiction because his probation had expired; (2) the trial court committed reversible error in finding that he violated his probation by leaving his county of residence and changing his approved residence without his probation officer's consent; and (3) the trial court erred in not specifying the conditions violated in the revocation order. For the reasons that follow, we affirm in part, reverse in part, and remand for further proceedings.

I.

Appellant moved unsuccessfully to dismiss for lack of jurisdiction because his probation expired, asserting that the filing of an affidavit and issuance of an arrest warrant for technical violations of probation did not toll the probationary period. In doing so, he relied on *Mobley v. State*, 197 So. 3d 572 (Fla. 4th DCA 2016), in which the Fourth District explained:

> Section 948.06(1)(f) is clear that a warrant under section 901.02 is required in order for the probationary period to be tolled (except when one of the other two alternatives are applicable, as is not the case here). Section 901.02 in turn requires that the warrant be for a "crime." Here, the warrants issued were for violations of probation based on the failure to make restitution payments and a payment for drug testing. These are not "crimes." The warrants were therefore not issued under section 901.02, and Appellant's probation was never tolled.

*Id.* at 574. However, in *Williams v. State*, 202 So. 3d 917 (Fla. 4th DCA 2016), the Fourth District held that when a defendant absconds from probation, an exception to its holding in *Mobley* is triggered, and the probationary period is tolled until the defendant is once more placed under probationary supervision.

More recently, the Second District explained that "our common law recognizes that a probationer's abscension from supervision during his probationary term, apart from section 948.06(1)(f)'s tolling provision, automatically tolls his term." *Canchola v. State*, 43 Fla. L. Weekly D2092, D2093 (Fla. 2d DCA Sept. 7, 2018). The trial court denied Appellant's motion to dismiss on the ground that Appellant had been charged with absconding from supervision, which tolled the running of Appellant's probation.

At the probation violation hearing, Appellant's probation officer testified that Appellant's mother came to his office and informed him that Appellant had not been home in a week. Appellant's mother acknowledged at the hearing that Appellant had not been at her home for a week and that she did not know his whereabouts at that time. Thus, there was competent, substantial

evidence that Appellant had absconded for at least a week during his probationary term. If tolled for the week that he had absconded, Appellant's probation would have expired on June 16, 2017. It appears undisputed that Appellant was arrested on June 15, 2017, for criminal charges in Duval County pursuant to a warrant under section 901.02. Because Appellant was arrested on this warrant before his probation expired, his probation was tolled by operation of section 948.06(1)(f).[*] Therefore, the trial court properly denied Appellant's motion to dismiss.

## II.

The trial court found that Appellant violated his probation by leaving Nassau County, his county of residence, without the consent of his probation officer. The affidavit alleged that Appellant violated this condition when he left Nassau County and entered Duval County on March 8, 2017.

However, no evidence was presented that Appellant was in Duval County on March 8, 2017. The revocation of probation based on conduct not alleged in the affidavit constituted fundamental error and did not require a contemporaneous objection to preserve the claim for appellate review. *Perkins v. State*, 842 So. 2d 275, 277 (Fla. 1st DCA 2003). Therefore, the trial court erred in finding that Appellant violated his probation by leaving his county of residence without his probation officer's consent based on acts not charged in the violation of probation affidavit. *See T.T. v. State*, 82 So. 3d 1019 (Fla. 4th DCA 2011) (reversing the trial court's finding that T.T. violated his probation where the affidavit alleged that he violated probation by skipping school or being tardy on specific dates, but no evidence was presented that he violated his probation on those dates); *Cherington v. State*, 24 So. 3d 658, 660-61 (Fla. 2d DCA 2009) (holding that the trial court erred in finding a violation of probation where Cherington admitted to possessing and using cocaine on some undetermined date rather than on the date

---

[*]Effective July 1, 2017, the legislature amended section 948.06(1)(f) to remove the requirement that the warrant be issued under section 901.02. Ch. 2017-115, §§ 9, 20, Laws of Fla. This amendment is not applicable here since Appellant's probation expired before July 1, 2017.

3

specified in the affidavit of violation); *Perkins*, 842 So. 2d at 277 (holding that the trial court's finding that Perkins violated his probation by absconding during the months of May through November constituted fundamental error where the affidavit did not allege that he had absconded during those months); *Johnson v. State*, 811 So. 2d 749 (Fla. 2d DCA 2002) (holding that the trial court could not find that Johnson violated his community control by being absent from his approved residence on April 11, 2000, where the affidavit alleged that Johnson failed to remain confined to his approved residence on March 31, 2000).

The trial court further found that Appellant violated his probation by changing his residence without the consent of his probation officer. Appellant's probation officer testified that he filed this charge based solely on what Appellant's mother told him during a meeting at his office. Such hearsay alone is not sufficient to establish that Appellant changed his residence in the absence of nonhearsay evidence to corroborate it. *See Rutland v. State*, 166 So. 3d 878 (Fla. 1st DCA 2015); *Webb v. State*, 154 So. 3d 1186, 1188 (Fla. 4th DCA 2015); *Cito v. State*, 721 So. 2d 1192 (Fla. 2d DCA 1998). Although Appellant's mother testified at the probation violation hearing, she denied that Appellant had changed his residence. At most, she conceded that Appellant had been absent from the residence for a week and that she did not know his whereabouts at that time.

A probationer's absence from an approved residence for a brief time during which the probationer's location was unknown would not support a finding that the probationer violated a condition of probation by changing his residence without first procuring the consent of his probation officer. *Tobias v. State*, 641 So. 2d 194 (Fla. 4th DCA 1994); *accord Gauthier v. State*, 949 So. 2d 326, 326-27 (Fla. 5th DCA 2007); *Johnson v. State*, 668 So. 2d 240, 241 (Fla. 1st DCA 1996). Therefore, the trial court erred in finding that Appellant violated his probation by changing his residence without his probation officer's consent.

However, Appellant was also charged with violating his probation by committing new law violations in Duval County, which would support the revocation of his probation, if proven. The trial court's oral findings focused on the allegations that Appellant

4

violated his probation by leaving his county of residence and changing his approved residence without his probation officer's consent, but the prosecutor was able to coax what appears to be a further oral finding that Appellant violated his probation by committing the new law violations in Duval County as an accessory.

Given the somewhat ambiguous nature of the trial court's oral findings and the lack of any written findings, we reverse and remand with directions that the trial court make an express determination whether Appellant's probation should be revoked based on the new law violations. *See Manis v. State*, 30 So. 3d 586 (Fla. 5th DCA 2010).

### III.

The trial court's written order of revocation does not specify the conditions of probation that were violated by Appellant. "If a trial court revokes a defendant's probation, the court is required to render a written order noting the specific conditions of probation that were violated." *King v. State*, 46 So. 3d 1171, 1172 (Fla. 4th DCA 2010). The State properly concedes that this case must be remanded for entry of a written order specifying the conditions of probation violated by Appellant. *See Davis v. State*, 218 So. 3d 507 (Fla. 1st DCA 2017); *Leggs v. State*, 27 So. 3d 155 (Fla. 1st DCA 2010).

AFFIRMED in part, REVERSED in part, and REMANDED for further proceedings.

MAKAR, OSTERHAUS, and JAY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Andy Thomas, Public Defender, and Joel Arnold, Assistant Public Defender, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Frank Xavier Moehrle, Jr., Assistant Attorney General, for Appellee.