NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

TERRY LAVON McDONALD, JR.,              )
                                        )
        Appellant,                      )
                                        )
v.                                      )     Case No. 2D17-4532
                                        )
STATE OF FLORIDA,                       )
                                        )
        Appellee.                       )
_____  )

Opinion filed February 15, 2019

Appeal from the Circuit Court for Manatee
County; Lon Arend, Judge.

Howard L. Dimmig, II, Public Defender, and
Clark E. Green, Assistant Public Defender,
Bartow, for Appellant.

Ashley Moody, Attorney General,
Tallahassee, and Michael Schaub, Assistant
Attorney General, Tampa, for Appellee.


VILLANTI, Judge.


        Terry Lavon McDonald, Jr., appeals the order revoking his probation

based on two alleged violations and sentencing him to sixty months in prison.  Because

the State proved the charged violation of condition four of McDonald's probation, we

affirm. However, because the State did not prove the charged violation of condition five, we remand for entry of a corrected revocation order.

While McDonald was on probation for a prior offense, he was arrested on a charge of murder. The murder occurred when a group of individuals got into a fight and one pulled out a gun and ended the fight by shooting his opponent. Based on McDonald's arrest, the Department of Corrections filed an affidavit of violation of probation (VOP) alleging that McDonald had violated condition five of his probation by being arrested for murder.

The State subsequently nolle prossed the murder charge against McDonald, and it never filed any other charges against him arising from the shooting incident. Nevertheless, the Department amended the VOP affidavit to allege that McDonald had violated condition five of his probation "by being arrested for the criminal offense of Possession of a Firearm by a Convicted Felon on 01/24/2017." It also charged that McDonald had violated condition four of his probation by "possessing, carrying, or owning any weapon or firearm" based on the probable cause affidavit relating to McDonald's murder arrest.

At the VOP hearing, the State presented testimony from a number of witnesses to the fight, one of whom testified that she saw McDonald in possession of a gun that night, and specifically that she saw the gun sticking out of the waistband of McDonald's pants. The State presented no evidence whatsoever that McDonald had ever been arrested for or charged with the offense of possession of a firearm by a convicted felon. Nevertheless, the trial court found that the State had proved the

charged violations of both conditions four and five, and it revoked McDonald's probation based on these findings. McDonald now seeks review of this ruling.

As to the alleged violation of condition four, the evidence presented at the VOP hearing was sufficient to support the trial court's finding of guilt. The testimony from one witness that she saw McDonald with a gun stuffed into the waistband of his pants was legally sufficient to support the trial court's finding that McDonald violated condition four by possessing and/or carrying a firearm. Therefore, we affirm the court's finding of guilt as to the violation of condition four of McDonald's probation.

However, as to the alleged violation of condition five, there was no evidence to support the trial court's finding of a violation as charged in the affidavit. The affidavit specifically alleged that McDonald had violated condition five by being arrested for the offense of possession of a firearm by a convicted felon. However, there is no dispute that McDonald was never in fact arrested for that offense, and the State offered no evidence that he was ever arrested on that charge. Since the VOP affidavit identified conduct as the basis for the violation that the State did not prove, revocation on that basis was improper. And while the State did offer evidence that McDonald had been arrested for murder, that charge was ultimately nolle prossed and the State amended its VOP affidavit to eliminate any reference to that offense. Once it did so, the murder arrest could no longer serve as a basis for revocation because a revocation of probation cannot be based on conduct not charged in the affidavit. See McRae v. State, 88 So. 3d 384, 385 (Fla. 2d DCA 2012) (quoting Johnson v. State, 811 So. 2d 749, 750 (Fla. 2d DCA 2002)); Cherington v. State, 24 So. 3d 658, 660 (Fla. 2d DCA 2009) (quoting Parminter v. State, 762 So. 2d 966, 967 (Fla. 2d DCA 2000)); Harrington

v. State, 570 So. 2d 1140, 1142-43 (Fla. 4th DCA 1990) (reversing violation of probation when affidavit charged that defendant had used cocaine to excess but the only evidence presented at the hearing was that the defendant had used marijuana). Accordingly, we must reverse the finding of guilt as to condition five.

Despite this error in the revocation order, however, reversal of the order of revocation is not necessary in this case. This court has held that it need not reverse an order of revocation based on one unproven violation when the record establishes that the trial court would have revoked probation based on a proven violation. See Cherington, 24 So. 3d at 661. Here, the transcript of the VOP hearing shows that the trial court carefully considered all of the circumstances surrounding the fight and the events leading up to it and concluded that McDonald's possession of a firearm was sufficiently serious to warrant the revocation of his probation. While the trial court did not explicitly state that it would have revoked probation based solely on the one violation, the tenor of the trial court's comments overall indicate that this is the case.[1] In light of the trial court's comments when considered as a whole, we affirm the revocation of McDonald's probation but remand for entry of a corrected order of revocation that eliminates the reference to the violation of condition five.

Affirmed but remanded with directions.

LUCAS and ROTHSTEIN-YOUAKIM, JJ., Concur.

---

[1]At the conclusion of the hearing, the court summarized the evidence and then stated that it would "find that the testimony in front of the Court at this time is sufficient to establish the greater weight of the evidence is proven [sic] that the Defendant, McDonald, was in possession of a firearm. And with that, I'll find him in violation of condition 5 and condition 4." This statement makes it clear that it was McDonald's possession of the firearm that triggered the revocation rather than any arrest for a new law offense.