PER CURIAM.
In a violation of probation hearing, the trial court found that the appellant had violated his probation by failing to pay restitution, as well as “by using false information to obtain driver’s license and unauthorized possession of driver’s license-false driver’s license ID cards.” The state concedes that it did not offer evidence of appellant’s ability to pay restitution. Thus, the court could not violate his probation on that ground. Del Valle v. State, 80 So.3d 999, 1011-13 (Fla.2011). As to the second ground, the affidavit charging the violation charged the appellant with using false information to obtain a driver’s license. It did not charge him with unauthorized possession. Therefore, the court erred in finding a violation of probation for an offense not charged. Perkins v. State, 842 So.2d 275, 277 (Fla. 1st DCA 2003); Nagel v. State, 758 So.2d 1206, 1208 (Fla. 4th DCA 2000).
Nevertheless, the defendant’s probation could properly have been revoked based on using false information to obtain a driver’s license, behavior that was charged in the affidavits. See, e.g., Kiess v. State, 642 So.2d 1141, 1142 (Fla. 4th DCA 1994) (“Although the trial court could not find a violation of probation based solely on either contact with his stepchildren or the hearsay account of the physical contact incident, the single violation established of battery on a law enforcement officer is substantial enough to warrant revocation.”); Cherisma v. State, 789 So.2d 1247, 1247 (Fla. 4th DCA 2001) (finding trial court erred in finding appellant guilty of one count of amended violation of probation affidavit, but affirming because “the other armed robbery violation is more than substantial enough to warrant revocation”). As such, we affirm the court’s order revoking the probation.
We remand, however, not only to strike the finding of a violation for failure to pay restitution and unauthorized possession of a driver’s license, but to conform the written order of violation of probation to the oral pronouncement. “It is well settled that the written order of revocation of probation must conform to the oral pronouncements made at the revocation hearing by the trial judge.”' Harrington v. State, 570 So.2d 1140, 1142 (Fla. 4th DCA 1990). Where the two are inconsistent, the inconsistent portions of the written order must be stricken. Id. The written order in this case included findings of failure to pay the costs of supervision and court costs, as well as failure to complete community service hours and the theft abatement course, none of which were orally pronounced by the court.

*437
Affirmed, but remanded to strike portions of the order of revocation in accordance with this opinion.

WARNER, GROSS and CONNER, JJ., concur.