Terra Marie REDD, Appellant,

v.

STATE of Florida, Appellee.

No. 4D15–3847.

District Court of Appeal of Florida, Fourth District.

Nov. 16, 2016.

Carey Haughwout, Public Defender, and Peggy Natale, Assistant Public Defender, West Palm Beach, for appellant.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for appellee.

CONNER, J.

Terra Redd appeals the trial court's order revoking her probation and the sentence imposed. We affirm both the decision to revoke probation and the sentence imposed. Because the evidence was insufficient to support one of the multiple grounds for revocation found by the trial

court, we reverse for the trial court to enter a corrected revocation order.

Redd was placed on thirty-six months of probation for attempted carjacking while in possession of a deadly weapon. An amended violation of probation affidavit alleged Redd violated probation by failing to: report to her probation officer on four occasions, undergo a drug and alcohol evaluation, perform any of the eighty hours of community service ordered by the court, and pay restitution as ordered. During the violation of probation hearing, the State failed to present any evidence showing Redd had the ability to pay restitution. At the conclusion of the hearing, the court orally announced its findings that Redd violated probation by failing to report on four occasions, failing to undergo a drug and alcohol evaluation, and failing to perform community service. Ignoring the State's failure to present evidence of Redd's ability to pay restitution, the trial court stated, when announcing its findings, that "as an aside I find that she failed to comply with special condition 2, restitution." The order revoking probation found Redd violated on all of the grounds alleged in the affidavit.

Redd raises only two issues on appeal, both of which revolve around the trial court's finding that she violated probation by failure to pay restitution. First, she contends there was no competent substantial evidence to prove a willful violation, since there was no evidence as to her ability to pay, and in fact, the evidence submitted was to the contrary. Second, she contends she is entitled to a new sentencing hearing because it is not clear the trial court would have revoked her probation and imposed the same sentence if the trial court had properly determined there was no violation for failure to pay restitution.

Although on appeal the State does not effectively deny its failure to prove Redd's ability and willful failure to pay restitution, it dismisses Redd's argument that she is entitled to a new hearing because the trial court's order revoking probation found Redd violated several conditions of probation, and Redd does not contest those findings on appeal. Thus, the State contends that there is no reversible error. Since Redd does not challenge the findings regarding the other violations found by the trial court, we agree the only debatable issue in this case is whether the trial court would have revoked Redd's probation and imposed the sentence given, regardless of any finding based on the failure to pay restitution.

 In referring to a situation where there are both proper and improper grounds for a revocation of probation, this Court has quoted:

When a trial court relies on both proper and improper grounds for revocation but it is clear from the record that the trial court would have revoked probation even without the existence of improper grounds, this court and others have affirmed the revocation of probation and remanded for entry of a corrected revocation order. Only when this court cannot determine from the record whether the trial court would have revoked the defendant's probation based solely on the proper grounds will this court reverse and remand for reconsideration by the trial court.

*McDoughall v. State*, 133 So.3d 1097, 1100 (Fla. 4th DCA 2014) (quoting *Lee v. State*, 67 So.3d 1199, 1201–02 (Fla. 2d DCA 2011)).

 We are satisfied from the record on appeal that the trial court would have revoked Redd's probation, even absent a finding that she willfully failed to pay restitution. The affidavit of violation alleged six discrete acts of violation in addition to the failure to pay restitution. The trial court specifically found Redd violated pro-

bation by all six of the other acts. Most telling, however, was that, when announcing the violation based on the failure to pay restitution, the trial court stated that "*as an aside* I find that she failed to comply with special condition 2, restitution." (emphasis added). By stating that it was "an aside," it is clear that the trial court did not consider that condition as a primary basis for revocation, and therefore, it is clear that the other conditions violated would have led the trial court to revoke Redd's probation and impose an incarceration sentence. *Cf. Lee,* 67 So.3d at 1202 ("[I]t is abundantly clear from the trial court's remarks at the hearing that it would have revoked [the defendant]'s probation based solely on the proper grounds for revocation.").

Apart from our conclusion that the trial court would have revoked probation without a finding as to the failure to pay restitution, we are also satisfied that a lesser sentence would not have been imposed, even absent a violation based on the failure to pay restitution. The trial court sentenced Redd to the lowest permissible sentence on her scoresheet, and we conclude that the trial court, even taking away her failure to pay restitution, would not have departed from the guideline sentence.

We affirm the trial court's decision revoking probation and imposing the sentence. We reverse the trial court's finding that probation was willfully violated by a failure to pay restitution, and remand for the trial court to enter a corrected revocation order.

*Affirmed in part, reversed in part, and remanded.*

DAMOORGIAN and GERBER, JJ., concur.