DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**GENARD JENKINS,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D19-392

[April 22, 2020]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; John S. Kastrenakes, Judge; L.T. Case No. 502015CF008205AXXXMB.

Carey Haughwout, Public Defender, and Scott Thomas Pribble, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Melynda L. Melear, Senior Assistant Attorney General, West Palm Beach, for appellee.

KUNTZ, J.

Genard Jenkins raises six issues in his appeal of the circuit court's amended order revoking his probation. We affirm without comment on five of the issues.

For the sixth issue, Jenkins argues the court's oral pronouncement found him in violation of condition 5 of probation for committing a law offense not charged in the violation of probation affidavit. *See Grant v. State*, 137 So. 3d 436, 436 (Fla. 4th DCA 2014) ("It is well settled that the written order of revocation of probation must conform to the oral pronouncements made at the revocation hearing by the trial judge." (quoting *Harrington v. State*, 570 So. 2d 1140, 1142 (Fla. 4th DCA 1990))); *Harrington*, 570 So. 2d at 1142 (stating that a "defendant's probation may not be revoked for conduct not charged in the affidavit alleging a violation of probation" (citing *Moser v. State*, 523 So. 2d 783 (Fla. 5th DCA 1988))). The court orally found Jenkins guilty of possessing a home used for trafficking or sale of controlled substances. *See* § 893.1351(2), Fla. Stat. (2018). But the violation of probation affidavit charged Jenkins with

"owning, leasing, or renting" the home, which is a different criminal offense. *See* § 893.1351(1), Fla. Stat. (2018). Despite this error, the record is clear that the circuit court would have revoked probation and imposed the same sentence even without this specific violation. *See, e.g., Redd v. State*, 204 So. 3d 558, 559-60 (Fla. 4th DCA 2016). As a result, we affirm the revocation of probation and the sentence.

We affirm the court's order but remand for the entry of a second amended order adding the word "not" to paragraph 8 of the amended order, which must now state: "The Defendant is found not in violation of the alleged violation of condition (5) charging the defendant with the offense of Unlawfully Own, Lease, or Rent Property for Trafficking, Sale, or Manufacture of Controlled Substances." The rest of the amended order is affirmed and must not be changed. Finally, Jenkins need not be present for this ministerial act. *See, e.g., Bittle v. State*, 100 So. 3d 1194, 1195 (Fla. 4th DCA 2012).

*Affirmed and remanded.*

WARNER and DAMOORGIAN, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2