DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**JAVARIS DE'SHON ALLEN,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D22-1246

[November 23, 2022]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, St. Lucie County; William L. Roby, Judge; L.T. Case No. 562019CF001397A.

Carey Haughwout, Public Defender, and Gary Lee Caldwell, Assistant Public Defender, West Palm Beach, for appellant.

Ashley Moody, Attorney General, Tallahassee, and Luke R. Napodano, Assistant Attorney General, West Palm Beach, for appellee.

GERBER, J.

The defendant appeals from the circuit court's order revoking his probation based on four alleged violations, and the resulting thirteen-year prison sentence. The defendant raises four arguments, and the state concedes error on two of those arguments. We agree with the state's two concessions that the circuit court erred: (1) ministerially, by entering a written probation revocation order which does not conform to the orally pronounced order; and (2) fundamentally, by entering a duplicate judgment upon revoking the defendant's probation. On the defendant's remaining two arguments, we affirm without further discussion.

First, the circuit court ministerially erred by failing to conform its written probation revocation order to its oral pronouncement as to the grounds for revocation. "It is well settled that the written order of revocation of probation must conform to the oral pronouncements made at the revocation hearing by the trial judge. Where the two are inconsistent, the inconsistent portions of the written order must be stricken." *Grant v. State*, 137 So. 3d 436, 436 (Fla. 4th DCA 2014) (internal citation and quotation marks omitted).

Here, the written order found that the defendant had violated his probation by possessing a firearm and by committing burglary and theft. That finding did not conform to the circuit court's oral pronouncement finding that the defendant had violated his probation only by possessing a firearm. Accordingly, we remand with instructions to strike the inconsistent portion of the revocation order. *See id.* at 437.

Second, the circuit court fundamentally erred in entering a duplicative judgment for the same underlying offenses after revoking the defendant's probation. On August 17, 2020, the circuit court adjudicated the defendant guilty of two counts of aggravated battery with a deadly weapon. On May 6, 2022, upon revoking the defendant's probation, the circuit court entered a separate judgment, which again adjudicated the defendant guilty of two counts of aggravated battery with a deadly weapon.

The circuit court erred in entering the duplicative judgment. *See* § 948.06(2)(b), Fla. Stat. (2021) ("If probation … is revoked, the court shall adjudge the probationer … guilty of the offense charged and proven or admitted, *unless he or she has previously been adjudged guilty*, and impose any sentence which it might have originally imposed before placing the probationer on probation ….") (emphasis added); *Scofield v. State*, 317 So. 3d 130, 131 (Fla. 4th DCA 2021) ("When the court enters a duplicative judgment, the duplicative judgment must be vacated."). Accordingly, we reverse in part and remand with instructions to vacate the duplicative judgment. *Scofield*, 317 So. 3d at 131.

In all other respects, the circuit court's order revoking the defendant's probation, and the resulting thirteen-year prison sentence, are otherwise affirmed.

*Affirmed in part, reversed in part, and remanded with instructions.*

MAY and ARTAU, JJ., concur.

\* \* \*

**Not final until disposition of timely filed motion for rehearing.**

2